# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | No. 3:16cr312 |
|---|---|---|
| v. | : | (Judge Munley) |
| MARK COOK, Defendant | : | |

## MEMORANDUM

Before the court is Defendant Mark Cook's motion for a bill of particulars and request for exculpatory material. (Docs. 91, 92). Having been fully briefed, these matters are ripe for disposition.

**Background**

On December 20, 2016, the United States charged Defendant Mark Cook in a superseding indictment with conspiracy to commit sex trafficking by force, fraud and coercion, in violation of 18 U.S.C. § 1594(c); several counts of sex trafficking and attempted sex trafficking by force, fraud and coercion, in violation of 18 U.S.C. § 1591(a) and (b)(1); possession with the intent to distribute various controlled substances, in violation of 21 U.S.C. § 841(a)(1); conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; wire fraud, in violation of 18 U.S.C. § 1343; and attempted witness tampering, in violation of 18 U.S.C. § 1512(b)(1).

The defendant filed the pending request for bill of particulars (Doc. 91) and request for Brady exculpatory material (Doc. 92) on October 26, 2017. On October 31, 2017, a grand jury returned a second superseding indictment against the defendant, which added an additional count of sex trafficking by force, fraud, or coercion. We will address the defendant's motions with reference to the second superseding indictment.

**Discussion**

As noted above, the defendant has filed two separate motions with the court, the first seeking a bill of particulars, and the second requesting exculpatory material from the government. We will address the motions in turn.

### A. Motion for a Bill of Particulars

The defendant contends that the indictment does not describe with any particularity what the defendant is accused of doing, but instead contains "vague allegations of fact" rendering him unable to explore an alibi defense and unable to locate and properly interview witnesses on his behalf. (Doc. 91 ¶ 1). He therefore seeks a bill of particulars which: (1) identifies his alleged co-conspirators; (2) lists the acts, dates, and times on which he allegedly used fraud, force, threats, and coercion on his victims; (3) names the alleged victims of force; and (4) lists the dates that hotel rooms were allegedly rented to violate laws against sex trafficking.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." "The purpose of a bill of particulars is 'to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense.'" United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005) (quoting United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1972)). "When it appears that the indictment does not inform the defendant with sufficient particularity of the charges against which he will have to defend at trial, he is entitled to a bill of particulars." Singer v. United States, 58 F.2d 74, 76 (3d Cir. 1932). Such cases are limited, however, where an indictment is so vague that it "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989).

The law is clear that a bill of particulars is not designed as a discovery device: "[a] bill of particulars, like discovery, is not intended to provide the defendant with the fruits of the government's investigation ... Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation." United States v. Smith, 776 F.2d 1104, 1112 (3d Cir. 1985). In fact, an indictment

3

charging a statutory crime will ordinarily be sufficient so long as it substantially tracks the language of the criminal statute. See Addonizio, 451 F.2d 49.

The Third Circuit has noted that the need for a bill of particulars weakens even further in situations where the defendant "has access through discovery to the documents and witness statements relied upon by the government in constructing its case. . ." Urban, 404 F.3d at 772. "In ruling on a request for a bill of particulars, the court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment." United States v. Hayes, No. 07-CR-293, 2007 WL 3085998, at *1 (M.D. Pa. Oct. 19, 2007) (citing United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972)).

After a careful review, we will deny defendant's motion for a bill of particulars. We find that the 22-page second superseding indictment sufficiently makes the defendant aware of the charges against him. The indictment is detailed, and provides information as to the basis for each count. It is true that the indictment does not name alleged co-conspirators. The indictment does, however, set forth the government's theory as to the defendant's involvement in the conspiracy with specificity. In a section entitled "Overt Acts," the government alleges the following: numerous hotel and motel room rentals, for which exact

dates and named hotels and motels are listed; details concerning the posting of website ads on backpage.com for "Scranton escorts;" specific illegal drugs that were provided to females; and date ranges during which the government alleges that victims engaged in prostitution for the defendant. We find that from the indictment, the defendant knows " 'fully, directly and expressly, without any uncertainty or ambiguity . . . all the elements necessary to constitute the offence intended to be punished .' " Hamling v. United States, 418 U.S. 87, 117 (1974) (quoting United States v. Carll, 105 U.S. 611, 612 (1882)).

With respect to other details of the offense that are sought by the defendant by way of a bill of particulars, specifically the identities of co-conspirators, we find it to be satisfactory that the defendant has since been provided extensive discovery. (See Doc. 103, Govt.'s Resp. to Mot. for Bill of Part. at 10). Thus, in light of the provided discovery and 22-page indictment, we conclude that a bill of particulars is not warranted. With this information, the defendant should be able to avoid surprise at, and prepare for, trial. For these reasons, we will deny the defendant's motion.

### B. Request for Brady Material

The defendant also seeks all information entitled to him in accordance with Brady v. Maryland, 373 U.S. 83 (1983). More specifically the defendant

requests: "any evidence, material, or information within possession, custody or control of the government, or that by the exercise of reasonable diligence may be obtained by the government, including any information in the possession of any investigative agencies, that is favorable to or exculpates the defendant in any way; that tends to establish a defense in whole or in part to the allegations in the indictment; that impeaches any witness the government intends to call; or that may help the defendant avoid conviction or mitigate punishment.[1] (Doc. 92, Def.'s Req. and Legal Auth. for Brady Mat. at 1).

"While there is no general constitutional right to discovery in a criminal case, courts have fashioned constitutional rules to protect a defendant's due process rights from being violated by the total nondisclosure of certain types of evidence." United States v. Mariani, 7 F. Supp. 2d 556, 561 (M.D. Pa. 1998) (internal citation omitted). In Brady, the Supreme Court fashioned a rule under which the Government is constitutionally required to disclose evidence that is both exculpatory and material. Evidence is deemed to be "material" if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). "Exculpatory evidence includes material that goes to the

---

[1] The document attached to defendant's motion for a bill of particulars is entitled "Request for Pretrial Discovery and Inspection," and is addressed to the government. (Doc. 30). However, because the government has responded to this document as a motion for discovery, we will treat it as such.

heart of the defendant's guilt or innocence." United States v. Starusko, 729 F.2d 256, 260 (3d Cir. 1984). The Supreme Court has also held that evidence which may be used to impeach the testimony of a government witness falls within the domain of Brady when the credibility of the witness may have an effect on the jury's determination of guilt or innocence. See Giglio v. United States, 405 U.S. 150, 154 (1972). This material is commonly referred to as Giglio material.

Here, a review of the government's response to the defendant's request for such material reveals that the government has complied with its obligations under these rules, and it asserts that it will continue to comply moving forward. The government takes issue, however, with supplying the defendant with impeachment material such as the criminal records of and promises or inducements made to prospective government witnesses during this stage of pretrial discovery. The government contends that while it is obligated to produce "favorable material bearing on a defendant's culpability or punishment as well as material bearing on the credibility of any witness who will be used to establish material matters at trial," impeachment material simply must be disclosed in time for trial, and not necessarily without undue delay. See United States v. Johnson, 218 F. Supp. 3d 454, 457-64 (W.D. Pa. 2016).

The Third Circuit has a "longstanding policy of encouraging early production" of Brady material, and district courts have "general discretionary

authority to order the pretrial disclosure of Brady material 'to ensure the effective administration of the criminal justice system.' " Starusko, 729 F.2d at 261 (quoting United States v. Higgins, 713 F.2d 39, 44 n.6 (3d Cir. 1983)). In deciding whether to order pretrial disclosure, district courts distinguish between " '(1) exculpatory evidence, which goes to the heart of the defendant's guilt or innocence; and (2) impeachment evidence, which may affect the jury's assessment of the credibility of a prosecution witness.'" Mariani, 7 F. Supp. 2d at 563 (quoting United States v. Beckford, 962 F. Supp. 780, 787-88 (E.D. Va. 1997)). Generally, courts find the need for early disclosure is stronger for exculpatory evidence as compared to impeachment evidence, as impeachment evidence "does not require counsel to be given substantial time in advance to review." Id. (noting that impeachment material "falls outside the Third Circuit's longstanding tradition of encouraging early disclosure of Brady material that is purely exculpatory").

With this in mind, we will grant the defendant's motion insofar as he seeks exculpatory evidence that is material under Brady. This, however, does not mean that the government must disclose all evidence in its possession that "might prove helpful to the defense ." Kyles v. Whitley, 514 U.S. 419, 437 (1995). Rather, the government is obligated to disclose exculpatory evidence that creates " 'a reasonable doubt' as to the defendant's culpability." Mariani, 7 F.

8

Supp. 2d at 562 (quoting United States v. Agurs, 427 U.S. 97, 112 (1976)).

The government need not disclose Giglio materials, however, until one week before trial.[2]

**Conclusion**

Accordingly, we will deny the defendant's motion for a bill of particulars. The defendant's request for exculpatory material will be granted in part and denied in part. The government will be instructed to provide the defendant with all exculpatory evidence that is material under Brady. The government need not disclose Giglio materials until three days before trial. An appropriate order follows.

**BY THE COURT:**

**Date: April 11, 2018**         **s/ James M. Munley_____**
                                 **JUDGE JAMES M. MUNLEY**
                                 **United States District Court**

---

[2] The government contends that it need not provide the defendant a verbatim statement or report made by government witnesses or prospective government witness until after the witnesses have testified. It does not appear that the defendant has asked for this material, however for the purposes of clarity we agree with the government that such material need only be disclosed after the witness has testified. See 18 U.S.C. § 3500.

9