# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16cr312 |
| v. | : | (Judge Munley) |
| MARK COOK, | : | |
|       Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Defendant Mark Cook's motion to sever offenses. (Doc. 112). Having been fully briefed, the matter is ripe for disposition.

**Background**

On December 20, 2016, the United States charged Defendant Mark Cook in a superseding indictment with conspiracy to commit sex trafficking by force, fraud and coercion, in violation of 18 U.S.C. § 1594(c); several counts of sex trafficking and attempted sex trafficking by force, fraud and coercion, in violation of 18 U.S.C. § 1591(a) and (b)(1); possession with the intent to distribute various controlled substances, in violation of 21 U.S.C. § 841(a)(1); conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; wire fraud, in violation of 18 U.S.C. § 1343; and attempted witness tampering, in violation of 18 U.S.C. § 1512(b)(1). On October 31, 2017, a grand jury returned a second superseding indictment against the defendant, which added an additional count of sex trafficking by force, fraud, or coercion.

The defendant filed the pending motion to sever offenses on December 21, 2017. (Doc. 112). The government responded in opposition to this motion on January 25, 2018, bringing the motion to its present posture.

**Discussion**

The defendant moves the court to sever two (2) counts from the eleven (11) count indictment. First, the defendant argues that the Count 11 charge of wire fraud should be severed, as it is not related in any way to the other counts. He argues that he would suffer prejudice should the wire fraud count be tried with the other counts because the jury would likely use evidence of the wire fraud and implications of dishonesty to infer guilt on all counts. Second, the defendant argues that the court should sever the Count 9[1] charge of conspiracy to distribute and possess with the intent to distribute cocaine from the remaining charges. The defendant contends that Count 9 is duplicitous with Count 8, which charges the defendant with possession with the intent to distribute heroin, "molly," and cocaine.

---

[1] There appears to be confusion as to whether the defendant wishes to sever Count 8 or Count 9 from the indictment. Although the government represents that the defendant seeks to have Count 8 severed, we find that the defendant's brief in support of his motion explicitly argues that: "drug count 9 is not related to the other counts . . . and must be severed." (Doc. 112-1 at 1). As such, we will continue our analysis with the understanding that the defendant wishes to sever Count 9 from the indictment.

**I. Joinder of Offenses**

As noted above, the indictment charges the defendant with eleven (11) counts. We will first address whether the Count 11 charge of wire fraud and the Count 9 charge of drug distribution were properly joined at the onset with the remaining counts which involve drug conspiracy and delivery, sex trafficking, and witness intimidation.

Rule 8 of the Federal Rules of Criminal Procedure provides that a defendant may be charged in separate counts with more than one offense if the offenses charged "are of the same or similar character, or a based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." This means that there must be a "transactional nexus" between the joined offenses. U.S. v. Sanchez, No. 3:14cr148, 2015 WL 1322260, at *1 (M.D. Pa. March 24, 2015). So long as such a relationship exists, our courts generally favor initial joinder. See United States v. Stevens, 188 F. Supp. 3d 421 (M.D. Pa. 2016); United States v. Brooks, Crim. No. 07-705, 2009 WL 116967, at *2 (E.D. Pa. Jan 15, 2009); United States v. Kemp, Crim. No. A.04-370, 2004 WL 2757867, at *3 (E.D. Pa. Dec. 2, 2004).

The defendant seeking severance bears the burden of establishing improper joinder. United States v. Avila, 610 F. Supp. 2d 391, 394 (M.D. Pa. 2009). In deciding whether charges have been misjoined, the Third Circuit has

3

instructed district courts to heavily rely on the indictment. U.S. v. McGill, 964 F.2d 222, 242 (3d Cir. 1992). Where representations made in pretrial documents other than the indictment clarify factual connections between the counts, however, reference to those documents is permitted. Id.

First, we find that the Count 11 charge of wire fraud was properly joined. Although on its face, the indictment simply alleges that the defendant staged a vehicle accident by instructing another person to deliberately drive a U-Haul truck into another vehicle, a review of the government's brief in opposition to the motion to sever (Doc. 118) reveals that this count is sufficiently related to the sex trafficking and drug charges. The government alleges that during the time period of the sex trafficking conspiracy and in connection with sex trafficking activity, the defendant allowed his prostitutes to use a 2004 Lexus vehicle to travel for sexual encounters. (Id. at 8). That same vehicle belonged to the defendant's mother and, according to the government, was frequently used by the defendant for the purposes of prostitution during the conspiracy as well as for drug trafficking. The wire fraud charge stems from a specific incident in which one of the female prostitutes working for the defendant damaged the Lexus in a one-car accident when returning from a sexual encounter. (Id.) Upon learning of the damage, the defendant allegedly instructed two other female prostitutes that worked for him to stage an "accident" and cause more damage to the Lexus. (Id.) The defendant

instructed district courts to heavily rely on the indictment. U.S. v. McGill, 964 F.2d 222, 242 (3d Cir. 1992). Where representations made in pretrial documents other than the indictment clarify factual connections between the counts, however, reference to those documents is permitted. Id.

First, we find that the Count 11 charge of wire fraud was properly joined. Although on its face, the indictment simply alleges that the defendant staged a vehicle accident by instructing another person to deliberately drive a U-Haul truck into another vehicle, a review of the government's brief in opposition to the motion to sever (Doc. 118) reveals that this count is sufficiently related to the sex trafficking and drug charges. The government alleges that during the time period of the sex trafficking conspiracy and in connection with sex trafficking activity, the defendant allowed his prostitutes to use a 2004 Lexus vehicle to travel for sexual encounters. (Id. at 8). That same vehicle belonged to the defendant's mother and, according to the government, was frequently used by the defendant for the purposes of prostitution during the conspiracy as well as for drug trafficking. The wire fraud charge stems from a specific incident in which one of the female prostitutes working for the defendant damaged the Lexus in a one-car accident when returning from a sexual encounter. (Id.) Upon learning of the damage, the defendant allegedly instructed two other female prostitutes that worked for him to stage an "accident" and cause more damage to the Lexus. (Id.) The defendant

then then reported the damage to an insurance company, according to the government. (Id. at 9). We find that these allegations demonstrate a sufficient transactional nexus between the wire fraud charge and the sex trafficking and drug charges.

We also find that Count 9, conspiracy to distribute and possession with the intent to distribute cocaine, is properly joined under Rule 8. The government alleges that this activity took place from February of 2015 until April of 2015 in Pike and Lackawanna Counties. As noted above, the defendant argues that this count is duplicitous with Count 8, which charges the defendant with possession with the intent to distribute a heroin, "molly," and cocaine from October of 2014 until September of 2016 in Luzerne and Lackawanna Counties. The defendant alleges that Counts 8 and 9 may subject him to double prosecution for the same charge. We disagree with the defendant.

An indictment is duplicitous where it combines two or more distinct and separate offenses in a single count. United States v. Rigas, 605 F.3d 194, 210 (3d Cir. 2010); United States v. Haddy, 134 F.3d 542, 548 (3d Cir. 1998). A review of the defendant's motion suggests that the defendant is not actually alleging duplicity; rather, the defendant seems to be arguing that the indictment is *multiplicitous*. A multiplicitous indictment charges a single offense in different counts, thereby potentially subjecting a defendant to double punishments for the

5

same offense. Haddy, 134 F.3d at 548; United States v. Carter, 576 F.2d 1061, 1064 (3d Cir. 1978). Thus, although the defendant uses the term duplicitous, we find that he is alleging multiplicity, as he contends that Counts 8 and 9 charge a single offense in different counts.

After a careful review we find that the indictment is not multiplicitous. It charges two distinct and separate statutory offenses in Count 8 and Count 9. Count 8 charges possession with intent to distribute heroin, "molly," and cocaine in Lackawanna and Luzerne counties between October 2014 and September 2016. Count 9 charges a separate conspiracy to distribute and possess with the intent to distribute cocaine in Pike and Lackawanna Counties between February 2015 and April 2016. The conspiracy language in Count 9 makes the count readily distinct from Count 8, as Count 9 requires proof that the defendant agreed with others to distribute or possess with the intent to distribute these controlled substances. Count 8 does not require such proof. As such, we find that these are separate offenses that were properly joined under Rule 8.

## II. Severance of Counts

Next, we address whether these properly joined counts should now be severed. Properly joined charges may be severed if the joinder "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(A). Motions for severance rest in the sound discretion of the trial judge, whose determination

should not be disturbed in absence of an abuse of discretion. United States v. Boyd, 595 F.2d 120, 125 (3d Cir. 1978).

A guiding principle for the court to consider is that charges should be severed "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993); United States v. Silveus, 542 F. 3d 993,1005–06 (3d Cir. 2008). Mere allegations of prejudicial joinder are insufficient to warrant severance, United States v. Urban, 404 F.3d 754, 775 (3d Cir. 2005), and separation of charges may be inappropriate if limiting instructions from the court can adequately manage the possibility that a jury might misuse evidence, Zafiro, 506 U.S. at 539. ("When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but ... less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.")

The defendant argues that the joinder of the Count 11 charge of wire fraud with the remaining counts prejudices him because a charge of wire fraud carries with it "obvious implications that the Defendant is a schemer and liar," and it would "demean the credibility of the defendant and his counsel." (Doc. 112-1 at 1). Further, with respect to both Count 11 and Count 9, the defendant argues that

7

there is "a possibility that the jury might use evidence of one crime to infer guilt o[n] the other." (Id.)

Based on the record before the court, we find that no prejudice will result from a single trial including Count 11 and Count 9. First, there is no reason to believe that a jury could not compartmentalize the evidence of wire fraud from the remaining charges. Moreover, a possibility of prejudice, without more, is not enough to warrant severance. The concerns of the defendant could be sufficiently alleviated through the issuance of an appropriate jury instruction should this matter proceed to trial. The court will instruct the jury to give separate individual consideration to each charge against the defendant, as the Third Circuit has advises. See United States v. Hart, 273 F.3d 363, 370 (3d Cir. 2001). Accordingly, we find that neither Count 11 nor Count 9 should be severed because of possible prejudice.

**Conclusion**

For the foregoing reasons, the defendant's motion to sever Count 11 and Count 9 will be denied. An appropriate order follows.

          **BY THE COURT:**

**April 30, 2018**      **s/ James M. Munley_____**
          **JUDGE JAMES M. MUNLEY**
          **United States District Judge**