# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16cr312 |
| v. | : | (Judge Munley) |
| MARK COOK, | : | |
|        Defendant | : | |

## **MEMORANDUM**

Before the court is Defendant Mark Cook's motion for a bill of particulars. Having been fully briefed, this matter is ripe for disposition.

**Background**

On December 20, 2016, the United States charged Defendant Mark Cook in a superseding indictment with conspiracy to commit sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. § 1594(c); several counts of sex trafficking and attempted sex trafficking by force, fraud and coercion, in violation of 18 U.S.C. § 1591(a) and (b)(1); possession with the intent to distribute various controlled substances, in violation of 21 U.S.C. § 841(a)(1); conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; wire fraud, in violation of 18 U.S.C. § 1343; and attempted witness tampering, in violation of 18 U.S.C. § 1512(b)(1).

The defendant filed his first request for bill of particulars on October 26, 2017. (Doc. 91). On October 31, 2017, a grand jury returned a second superseding indictment against the defendant, which added an additional count of sex trafficking by force, fraud, or coercion. (Doc. 97). We addressed the defendant's motion for a bill of particulars with reference to the second superseding indictment, and denied the defendant's motion. (Docs. 140, 141). On July 24, 2018, a grand jury returned a third superseding indictment against the defendant. (Doc. 176). The third superseding indictment added three victims and a new overt act to the conspiracy count, three new sex trafficking counts, a new charge of transporting an individual in interstate commerce for the purposes of prostitution, a new charge of persuading an individual to travel in interstate commerce to engage in prostitution, a new charge of conspiracy to distribute heroin, molly, and cocaine, and a new charge of possession with the intent to distribute heroin and cocaine. (Doc. 179).

On August 7, 2018, the defendant filed the instant motion for a bill of particulars. (Doc. 185).[1] The government filed its brief in opposition to this motion on August 17, 2018. (Doc. 188).

---

[1] This motion was filed by Defendant Cook's former counsel, Attorney William Ruzzo. Attorney Ruzzo passed away after the filing of this motion, and the defendant has since been appointed Attorney Dina Chavar to represent him moving forward. (Doc. 194). In light of these circumstances, we will treat this motion as if it had been filed by Attorney Chavar. Additionally, between the time

2

**Discussion**

The defendant contends that the indictment does not describe with any particularity what the defendant is accused of doing, and thus renders it difficult to present a constitutionally required effective defense. He therefore seeks a bill of particulars which: (1) names the alleged victims; (2) lists the time and place of the acts consisting of the crimes alleged in the indictment; and (3) names the specific person against whom the defendant or his co-conspirators used force, fraud, threats, and/or coercion as alleged in the indictment.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." "The purpose of a bill of particulars is 'to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense.' " United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005) (quoting United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1972)). "When it appears that the indictment does not inform the defendant with sufficient particularity of the

---

Attorney Ruzzo passed away and the time the defendant became aware of his newly appointed counsel, Defendant Cook filed a *pro se* motion for a bill of particulars, which raises essentially the same issues as the instant motion. (Doc. 198). Thus, in light of the instant motion which was appropriately filed by counsel, we will deny Defendant Cook's *pro se* motion.

3

charges against which he will have to defend at trial, he is entitled to a bill of particulars." Singer v. United States, 58 F.2d 74, 76 (3d Cir. 1932). Such cases are limited, however, where an indictment is so vague that it "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989).

The law is clear that a bill of particulars is not designed as a discovery device: "[a] bill of particulars, like discovery, is not intended to provide the defendant with the fruits of the government's investigation ... Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation." United States v. Smith, 776 F.2d 1104, 1112 (3d Cir. 1985). In fact, an indictment charging a statutory crime will ordinarily be sufficient so long as it substantially tracks the language of the criminal statute. See Addonizio, 451 F.2d 49.

The Third Circuit has discussed that the need for a bill of particulars weakens even further in situations where the defendant "has access through discovery to the documents and witness statements relied upon by the government in constructing its case. . ." Urban, 404 F.3d at 772. "In ruling on a request for a bill of particulars, the court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not

included in the indictment." United States v. Hayes, No. 07-CR-293, 2007 WL 3085998, at *1 (M.D. Pa. Oct. 19, 2007) (citing United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972)).

After a careful review, we will deny the defendant's motion for a bill of particulars. We find that the 27-page third superseding indictment sufficiently makes the defendant aware of the charges against him. The third superseding indictment is detailed and provides information as to the basis for each count.

Many of the issues raised by the defendant are issues that we addressed when we denied the defendant's first motion for a bill of particulars. Specifically, the defendant once again seeks the names of his alleged co-conspirators and victims. As we noted in our previous memorandum, although the indictment does not name the defendant's alleged co-conspirators and victims, we find it sufficient that the indictment sets forth the government's theory as to the defendant's involvement in the conspiracy with specificity in other areas. The third superseding indictment lists 42 "overt acts" committed in furtherance of the sex trafficking conspiracy. The overt acts alleged include: the dates of specific hotel and motel room rentals; a time frame for which the defendant and/or his coconspirators provided heroin, cocaine, and "molly" to females that worked for the defendant as prostitutes; and, the date the defendant had advertisements posted on backpage.com in the "Scranton escorts" and "Scranton adult

entertainment" sections of the website, showing women in provocative poses. (See Doc. 176, Third Superseding Indictment at 10).

Further, each of the sex trafficking by force and coercion and attempted sex trafficking counts, including the three new counts that were added in the third superseding indictment, contain date ranges within which the defendant is alleged to have recruited and enticed victims to engage in commercial sex acts. The two new counts involving interstate prostitution also specify the dates for which such activity is alleged to have taken place and the states to which the victims traveled to engage in these acts.

We find that from the indictment, the defendant knows " 'fully, directly and expressly, without any uncertainty or ambiguity . . . all the elements necessary to constitute the offence intended to be punished .' " Hamling v. United States, 418 U.S. 87, 117 (1974) (quoting United States v. Carll, 105 U.S. 611, 612 (1882)). The parties in this matter have been actively engaging in discovery, and the government has represented to the court that the defendant has been provided the relevant hotel and motel rental records, website ads, and cellphone/Facebook messages and communications related to the defendant's alleged prostitution activities; police reports related to the specific incidents involving drugs; and numerous backpage.com ads the defendant is alleged to be

associated with which include specific dates and other information. (See Doc. 188, Govt.'s Resp. to Mot. for Bill of Part. at 3).

In light of the provided discovery and 27-page third superseding indictment, we conclude that a bill of particulars is not warranted in this matter. With this information, the defendant should be able to avoid surprise and prepare for trial.

**Conclusion**

For these reasons, we will deny the defendant's motion for a bill of particulars. An appropriate order follows.

BY THE COURT:

Date: November 7, 2018

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**