UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
|  : | CRIMINAL NO. 3:16-312 |
| v.  : | |
|  : | (JUDGE MANNION) |
| MARK COOK, : | |
|  : | |
| Defendant : | |

## MEMORANDUM

Before the court is an objection from Defendant Mark Cook to the Presentence Investigation Report (PSR). Cook objects to his designation as a career offender under the sentencing guidelines. Cook contends he is not a career offender because (1) the offense he pleaded guilty to is an inchoate offense, which is not a "controlled substance offense" in the Third Circuit; and (2) his two prior Pennsylvania drug convictions are not "controlled substance offenses" because the Pennsylvania definition of cocaine is broader than its federal counterpart. However, a close review of the record reveals Cook pleaded guilty to possession with intent to distribute a controlled substance, which is a controlled substance offense under the guidelines. And Cook's prior Pennsylvania offenses fall within the definition of controlled substance offense. Therefore, the court will **OVERRULE** Cook's objection to his career offender designation.

## I. BACKGROUND

The parties are familiar with the relevant factual and procedural background of this case, having accurately stated it in their briefs to the court, so it will not be fully repeated herein. (*See* Docs. 387 & 395). In pertinent part, on May 14, 2019, a federal grand jury sitting in this District returned a 16-count Fourth Superseding Indictment charging Cook with various drug and sex trafficking offenses. (Doc. 233). On June 7, 2021, Cook pleaded guilty pursuant to a written plea agreement to Count 14 of the Indictment, possession with intent to distribute a controlled substance in violation of 21 U.S.C. §841(a)(1). (Doc. 364). The Probation Office filed a final PSR on April 28, 2022. (Doc. 382). Cook filed several objections to the PSR. (Doc. 393). The court ruled on most of the objections at a hearing shortly thereafter but reserved ruling on the career offender objection and ordered supplemental briefing. The court appreciates the thorough supplemental briefs filed by the parties in response. (Docs. 399 & 400).

## II. DISCUSSION

Under section 4B1.1 of the guidelines, an adult defendant is a career offender if "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and . . . the defendant has at

least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. §4B1.1(a). Section 4B1.2 defines the term "controlled substance offense" to mean:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. §4B1.2(b).

### A. Cook pleaded guilty to possession with intent to distribute a controlled substance

The Third Circuit Court of Appeals in *Nasir* held that section 4B1.2's definition of "controlled substance offense" excludes "inchoate offenses" based on a plain text reading of that provision. *United States v. Nasir*, 17 F.4th 459, 471–72 (3d Cir. 2021). In so holding, the Court found "the more expansive guidelines commentary"—which provides that the controlled substance offense definition "includes the offense of aiding and abetting, conspiring, and attempting to commit such offense," U.S.S.G. §4B1.2 cmt. n.1—should not be given controlling weight in interpreting the "narrower [section 4B1.2(b)]." *Nasir*, 17 F.4th at 469–71. Here, Cook argues he pleaded guilty to aiding and abetting possession with intent to distribute a controlled substance in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2, which, in

- 3 -

his view, is an inchoate offense unfit for inclusion in the definition of "controlled substance offense" post-*Nasir*.

An interesting academic debate can be had regarding whether aiding and abetting an offense is really an "inchoate offense" as that term is traditionally understood. On the one hand, it seems the Third Circuit sweeps "aiding and abetting" into its definition of "inchoate offense" when, in *Nasir*, it described the commentary to section 4B1.2 as "expanding" the definition of "controlled substance offense" to include inchoate offenses. As noted above, the commentary includes "aiding and abetting," so it seems the Third Circuit lumped "aiding and abetting" together with the other offenses noted in the commentary—*i.e.*, conspiracy and attempt—in its definition of "inchoate offenses."

The Sentencing Commission also appears to label aiding and abetting an inchoate offense. The Commission's proposed amendments to the guidelines add a new subsection (d) to section 4B1.2 labeled "*Inchoate Offenses Included*," which provides in relevant part that "controlled substance offense" includes "the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense."[1]

---

[1] U.S. Sentencing Commission, Amendments to the Sentencing Guidelines, April 27, 2023, at

*(footnote continued on next page)*

In addition, the Supreme Court has defined aiding and abetting an offense in violation of 18 U.S.C. §2 in a way that appears a fairly close match to the traditional understanding of inchoate offenses. The Court explained in *Rosemond*: "As at common law, a person is liable under §2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *Rosemond v. United* States, 572 U.S. 65, 71 (2014) (citing 2 W. LaFave, SUBSTANTIVE CRIMINAL LAW §13.2, p. 337 (2003) (an accomplice is liable as a principal when he gives "assistance or encouragement . . . with the intent thereby to promote or facilitate commission of the crime")). Compare that definition with that of "inchoate offense" as it appears in Black's Law Dictionary—"A step toward the commission of another crime, the step in itself being serious enough to merit punishment," [Inchoate] OFFENSE, Black's Law Dictionary (11th ed. 2019)—and one can understand how several courts and legal experts have disagreed on where to draw lines between inchoate offense and secondary liability, several of which have labeled "aid and abet" an inchoate offense.[2]

---

https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.
    [2] *See* Rachel Kunjummen Paulose, CRIME AND EXCESSIVE PUNISHMENT: HOW THE COURTS ACCELERATE THE RACE TO RECIDIVISM, 26 Lewis & Clark L.

*(footnote continued on next page)*

On the other hand, as the government points out, 18 U.S.C. §2 is not an independent crime like the quintessential inchoate offenses of attempt and conspiracy. Rather, "it simply abolishes the common-law distinction between principal and accessory." *United States v. Scroger*, 98 F.3d 1256, 1262 (10th Cir. 1996). The government does not even have to charge aiding and abetting in an indictment in order to support a conviction for aiding and abetting. *See Judge v. United States*, 119 F.Supp.3d 270, 288 (D.N.J. 2015). And as the Third Circuit recently explained, albeit in a different context, §2 "requires the Government to prove '(1) that *the substantive crime has been committed*; and (2) that the defendant charged with aiding and abetting knew of the commission of the substantive offense and acted with intent to facilitate it.'" *United States v. Stevens*, No. 21-2044, 2023 WL 3940121, at *6 (3d Cir. June 12, 2023) (precedential) (emphasis in original) (citing *United States v. Petersen*, 622 F.3d 196, 208 (3d Cir. 2010)).

Thus, given the requirement that the Government prove the substantive crime has been committed in every aid and abet prosecution, it seems to follow that, in the spirit of *Nasir*'s "plaint text reading of section

---

Rev. 831, 882 n.4 (2022); *see also United States v. Seals*, 130 F.3d 451, 463 (D.C. Cir. 1997) (inchoate offenses include attempt, aiding and abetting); *United States v. Dominguez*, 992 F.2d 678, 682 (7th Cir. 1993) (aiding and abetting is inchoate crime); 24 C.J.S. CRIMINAL PROCEDURE AND RIGHTS OF ACCUSED §2459 (2021) (aiding and abetting is an inchoate crime).

4B1.2(b)," *Nasir*, 17 F.4th at 471, aiding and abetting "the possession of a controlled substance . . . with intent to distribute," U.S.S.G. 4B1.2(b), is still "an offense . . . that prohibits . . . the possession of a controlled substance . . . with intent to distribute," *id.* This suggests slapping "aid and abet" onto a drug conviction does nothing to change whether the conviction is a "controlled substance offense" for purposes of the guidelines.

Nonetheless, the debate over whether aid and abet is an inchoate offense, and whether the Third Circuit in *Nasir* intentionally or inartfully meant to broadly exclude all aid and abet crimes from the definition of controlled substance offense, is a debate for another day. In this case, Cook pleaded guilty to possession with intent to distribute a controlled substance—not aiding and abetting that offense.

This is clear, first and foremost, based on Cook's written plea agreement with the government. The agreement provides in relevant part that Cook "agrees to plead guilty to Count 14 of the Fourth Superseding Indictment, which charges the defendant with a violation of Title 21, United States Code, §841(a)(1), possession with intent to distribute a controlled substance." (Doc. 364 at 1). Count 14 of the Fourth Superseding Indictment charges a violation of §841(a)(1) and 18 U.S.C. §2—the federal aiding and

abetting statute. (Doc. 233). However, Cook apparently only pleaded guilty to §841(a)(1).[3]

Nowhere in the plea agreement does Cook agree to plead guilty to aiding and abetting possession with intent to distribute a controlled substance. Nor can the court use the plea agreement's reference to "Count 14 of the Fourth Superseding Indictment" to read into the agreement a plea to aiding and abetting possession with intent to distribute a controlled substance. That interpretation would expressly contradict the next clause in the agreement defining the count without reference to aiding and abetting in violation of 18 U.S.C. §2.

That interpretation would also belie Cook's testimony at his change of plea hearing. Cook repeatedly affirmed, under oath, that he was guilty of possessing with intent to distribute a controlled substance. For example, at the hearing the government described the pleaded-to crime as "a violation of Title 21 United States Code Section 841[(a)(1)], possession with intent to distribute a controlled substance." (Doc. 375 at 6–7). Cook affirmed he listened carefully to the government's description and understood the charge

---

[3] Pleading guilty to only part of a charged offense does not raise any procedural concerns. A defendant may plead guilty to "a charged offense or a lesser or related offense." Fed. R. Crim. P. 11(c)(1). Thus, it is permissible for Cook to have pleaded guilty to only the §841(a)(1) piece of Count 14.

brought against him. (Doc. 375 at 7). Cook affirmed further that he had read and reviewed the entire plea agreement, it had been explained fully to him by his counsel, and he understood all its contents. (Doc. 375 at 8–9).

Next, the government explained the salient factors in the plea agreement, including those in paragraph 10 on page 8, which provides "the parties agree to recommend that as conduct relevant to count 14 the defendant is responsible for the possession with intent to distribute heroin, cocaine and molly MDMA[.]" (Doc. 375 at 9–10). Cook stated he agreed with the government's summary of the plea agreement; his counsel stated the same. (Doc. 375 at 10). Cook then stated he understood that if there was anything in the government's summary of the plea agreement that differs in any way from the actual written words of the plea agreement, it is the actual written words of the plea agreement that are controlling. (Doc. 375 at 10–11).

Next, the government summarized what it would prove had the case gone to trial. Its summary included the fact that "between June 2013 and October of 2016 the defendant did possess with intent to distribute cocaine, molly MDMA and heroin within the Middle District of Pennsylvania." (Doc. 375 at 13–14). The court then inquired, "Mr. Cook, having listened to the government's description of the possession with intent to distribute heroin

and cocaine, do you admit to that?" Cook responded, "Yes, Your Honor." (Doc. 375 at 14). The court continued, "Let me ask you more particularly, sometime between February of 2015 and April of 2015 in Pike and Lackawanna County . . . did you possess with intent to distribute heroin and cocaine?" Cook affirmed, "Yes, Your Honor." (Doc. 375 at 14–15). The court continued, "Now, in addition to that, between June of 2013 and October 2016 as part of your plea agreement you have agreed that as relevant conduct to that activity in count 14 that you possessed with intent to distribute heroin, cocaine and molly; is that correct?" Cook affirmed, "Yes, Your Honor." (Doc. 375 at 15).

Thus, it is apparent that Cook pleaded guilty to a violation of 21 U.S.C. §841(a)(1), which is undisputedly a controlled substance offense under section 4B1.2(b) of the guidelines. *See United States v. Williams*, 898 F.3d 323, 333 (3d Cir. 2018). And thus, Cook's objection pursuant to *Nasir* will be overruled.

    **B.**    **Cook's Pennsylvania priors are controlled substance offenses.**

The second issue is whether Cook's two prior Pennsylvania state convictions for possession with intent to deliver a controlled substance in violation of 35 Pa.C.S. §780-113 are "controlled substance offenses" under section 4B1.2 of the guidelines. The parties' arguments implicate the well-

known—though perhaps not well-defined, comprehended or applied—"categorical approach" employed by courts when deciding whether prior state offenses may serve as predicates for recidivist enhancements.

At the time they filed their supplemental briefs, the parties did not have the benefit of a recent, controlling opinion from the Third Circuit in *United States v. Lewis*, which injected a bit of common sense into this area of the law and decides this issue. *United States v. Lewis*, 58 F.4th 764 (3d Cir. 2023). In *Lewis*, the Third Circuit held that, for purposes of the "controlled substances offense" definition in section 4B1.2, the term "controlled substance" includes drugs regulated by state law at the time of state conviction, even if they are not federally regulated or are no longer regulated by the state at the time of federal sentencing. *Id.* at 773.

Here, the parties do not dispute that the controlled substance at issue in both of Cook's prior Pennsylvania conviction was cocaine. And in light of *Lewis*, it is irrelevant whether Pennsylvania's definition of cocaine is broader than the definition of cocaine in the federal schedules. At the time of Cook's convictions, cocaine was a drug regulated by Pennsylvania state law. Thus, cocaine was a "controlled substance" for purposes of section 4B1.2. That means Cook's Pennsylvania convictions were "controlled substance

offenses." And thus, Cook's objection to his career offender designation will be overruled.

III. CONCLUSION

In light of the foregoing, Cook's objection to his career offender designation will be **OVERRULED**. An appropriate order follows.

*[signature]*

MALACHY E. MANNION
United States District Judge

**DATE: June 28, 2023**
16-312-03