UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION

| | |
|---|---|
| United States of America, <br><br> Plaintiff-Respondent, <br><br> v. <br><br> Mark Cook, <br><br> Defendant-Movant. | Crim. No. 3:16-cr-00312-MEM-1 <br> Civ. No. 3:25-cv-00753-MEM |

**Memorandum in Support of § 2255 Motion**

Mark Cook ("Cook"), by and through the undersigned counsel, hereby files this memorandum in support of his § 2255 motion.

PROCEDURAL HISTORY

An indictment was filed against Cook in the Middle District of Pennsylvania. The indictment charged Cook with several offenses. Docket Entry ("DE") 15. Over the course of several years, several superseding indictments were filed against Cook. *See* DE 39, 97, 176, 223.

Cook entered a plea of guilty on June 7, 2021 in court. DE 367. A separate filing of plea agreement was filed on June 6, 2021. DE 364.

The parties engaged in significant sentencing litigation. A judgment was filed against Cook for 300 months on August 23, 2023. DE 410.

Cook filed a notice of appeal on August 24, 2023. DE 412. However, the Third Circuit granted the Government's Motion to Enforce the Appellate Waiver to Dismiss the Appeal. DE 415, *see also United States of America vs. Mark Cook*, No. 23-2548 (3rd Cir. Feb 1, 2024).

On April 29, 2025 Cook, through the undersigned, filed a Motion to Vacate under 28 U.S.C. § 2255. Docket Entry 420. An amended motion was filed On May 1, 2025.

This brief in support follows.

ARGUMENT

The Pre-Plea Grounds and the Improper Promises (grounds Eleven, Twelve, Fourteen and Fifteen).

Ineffective assistance of Counsel is governed by the familiar test of *Strickland vs. Washington*, 466 U.S. 668 (1984). There the Supreme Court held that "the proper standard for attorney performance is that of reasonably effective assistance" and that the standard for advice given was "within the range of competence demanded of attorneys in criminal cases." *Id.* At 687. The Court in *Strickland* went on to further explain:

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms,

> is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* At 692. In addition to deficient performance a defendant claiming ineffective assistance of counsel must also show prejudice. In this sense, that means, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* At 695.

The right of effective assistance of counsel extends to plea negotiations as well as trials. *See Lafler v. Cooper*, 566 U.S. 156, 162–63 (2012). "Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process…During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.' 'the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.' The performance prong of *Strickland* requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" (internal citation omitted).

Regarding ineffective assistance of counsel in a plea context, the Third Circuit has reflected on the Supreme Court's decision that an attorney must have a basic understanding of the guidelines. *See Hill v. Lockhart,* 474 U.S. 52, 56-57 (1985) (voluntariness of guilty plea depends on adequacy of counsel's advice), United *States v.* Day, 969 F.2d 39, 43 (3d Cir. 1992)("Nevertheless, a defendant has the right to make a reasonably informed decision whether to accept a plea offer."), *Von Moltke v.*

*Gillies,* 332 U.S. 708, 721 (1948) ("Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered."), Day, 969 F.2d at 43 ("Because the Sentencing Guidelines have become a critical, and in many cases, dominant facet of federal criminal proceedings, we can say, however, that familiarity with the structure and basic content of the Guidelines (including the definition and implications of career offender status) has become a necessity for counsel who seek to give effective representation.").

Further, all pleas must be freely and voluntarily made. *See* Federal Rule of Civil Procedure Fed. R. Crim. P. 11(b)(2). ("Ensuring That a Plea Is Voluntary. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)."). There are times when an attorney's promise that a person will receive a certain sentence will invalidate a plea because said plea will no longer be voluntary. *See United States v. Jones*, 336 F.3d 245, 254 (3d Cir.2003).

Before the plea, Cook submits he met with Attorney Cesare expressed to Cook that a sentence of time served would be a reasonable expectation for him to receive. *See* Exhibit A. He submits that he talked to Attorney Cesare and that she informed him that it would be impossible for him to face any enhancements. *Id.* Cook took this advice and as he has indicated, this advice caused him to plead guilty. Had he received the proper advice, Cook submits that he would not have pled guilty and

would have taken his case to trial. Further, Cook indicated that when engaging in the plea negotiations, Attorney Cesare faxed a plea agreement over to the jail and did not go over the plea agreement with him. *See* Exhibit A (to be filed separately).

Cook submits that these, both separately and together, result in deficient performance. And as Cook states in his affidavit, had he received a proper discussion of the case and of the plea agreement he would have taken the case to trial. Cook submits that without Attorney Cesare's improper promise to him that he would have taken the case to trial and not pled guilty. Thus, Cook experienced ineffective assistance of counsel.

**Ground One**: Attorney Cesare Engaged in ineffective assistance of counsel by failing to argue that Cook should not have received the leadership enhancement.

During the sentencing phase of the case the probation officer recommended a four-level increase in Cook's guideline range, indicating that he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." DE 382 at ¶ 45. Through objection practice it was argued by prior counsel that Cook did not organize or lead several people that were believed to be attributed to him. DE 383 at ¶ 22. Probation responded with the names of several persons that they posited Cook led or managed. DE 383 at 4, ¶ 45. Similarly, a hearing was had where Agent McMillen testified about the lengths of Cook's perceived leadership. DE 406 at 38 line 21-page 71, line 8. Carolina Ferrante was referenced during said testimony but was not called as a witness. *See Id*. At page 51:9, 60:14, 17 and 22, page 61:19, 62:12, etc.

Cook indicates that the failure of Attorney Cesare to call Ferrante as a witness was ineffective assistance of counsel. The right to effective assistance of counsel extends to plea agreements as well as trials. In addition, it also applies to sentencing. *See Williams vs. Taylor,* 529 U.S. 362, 395-399 (2000) (effective assistance of counsel in a death penalty sentencing context). As such, Cesare's failure to present a witness that she referenced to provide evidence that Cook was not a leader organizer of a substantial drug and/or sex trafficking was deficient performance. Cook submits that had she testified she would have indicated that she would have testified that Cook was not the leader or organizer of a large drug conspiracy, contradicting agent McMillen. See *Danner v. Cameron,* 955 F. Supp. 2d 410, 439 (M.D. Pa. 2013), aff'd, 564 F. App'x 681 (3d Cir. 2014). ("In the context of an ineffectiveness claim based upon a failure to call a witness, the habeas petition 'must make a specific, affirmative showing as to what the missing evidence would have been, and prove that this witness's testimony would have produced a different result.'"), *quoting Patel v. United States*, 19 F.3d 1231, 1237 (7th Cir.1994) (internal citation omitted).

The undersigned recognizes that extensive motion practice and testimony was had at the objections hearing and that the District Court determined that there was sufficient evidence to meet the guideline. *See* DE 406 at 71-73:3. However, given that the burden of proof for such matters is a preponderance of the evidence, the testimony of Ferrante would have been useful to the Court.

The prejudice is clear: The failure to bring forth Ferrante led to a four-level increase in Cook's guideline range. As the Supreme Court has indicated, "the

Guidelines are 'the starting point for every sentencing calculation in the federal system.'" *Hughes v. United States*, 584 U.S. 675, 686 (2018) (internal citation omitted).

Cook submits that there is sufficient information for ineffective assistance of counsel here.

**Grounds Two and Eight**: Attorney Stephanie Cesare engaged in ineffective assistance of counsel by failing challenge the drug amounts that were present in the presentence investigation report.

The presentence investigation report indicated that Cook was deemed responsible for "2,770 kilograms of converted drug weight[,]" which meant that Cook's base offense level was 30. *See* U.S.S.G. § 2D1.1(c)(5). An objection was made indicating that "Mr. Cook [was] not responsible for the drug quantities indicated." DE 383 at Page 14, ¶ 42. This objection, however, was withdrawn during the objections hearing. DE 406 at 33:14-25.

Cook submits that this withdrawing of the objection is ineffective assistance of counsel. As indicated, Cook was not responsible for the amount of drugs that was attributed to him:

> While Mr. Cook did not plead to conspiracy to distribute controlled substances, he did plead to aiding and abetting the possession with intent to distribute cocaine, which is another form of accomplice liability that involves liability of a defendant who engaged in a crime with other persons. Herc, Mr. Cook cannot be held responsible for conduct committed after he could no longer aid and abet the possession with the intent to distribute controlled substances, which is when he was incarcerated, particularly from January 24, 2007, until January 28, 2014, and from March 28, 2015, until November 19, 2015. Many of the

facts provided for in the "offense conduct" in the PSR are from the time frames during which Mr. Cook was incarcerated."

DE 383 at 15. Cook submits that the failure to proceed forth with this objection was deficient performance and that his guideline range would have been lower if he had proceeded forward with this objection. *See also United States vs. Freeman,* 763 F.3d 322, 337 (3d Cir. 2014) ("we require that 'information used as a basis for sentencing under the Guidelines ... have sufficient indicia of reliability to support its probable accuracy.'... "Indicia of reliability may come from, inter alia, the provision of facts and details, corroboration by or consistency with other evidence, or the opportunity for cross-examination."), *see also United States v. Simmons*, 964 F.2d 763 (8th Cir.1992) ((vacating defendant's sentence because the drug quantity finding was based on testimony of a drug addict with impaired memory)).

**Ground Three:** Attorney Cesare engaged in ineffective assistance of counsel by failing to offer available evidence that Cook should not receive an enhancement for obstruction.

As part of the presentence investigation report, it was alleged that Cook engaged in obstruction of justice. *See* U.S.S.G. § 3C1.1, DE 382 at page 15, ¶ 46, *see also* page 13, ¶ 35. Evidence was taken at the "objections hearing" in support of this ground. DE 406 at page 9:8-page 24:1. This portion of the obstruction enhancement involved a Ms. Healey and the submission of a letter involving the recantation of offense activity by Healey. *Id.*

The undersigned recognizes that Attorney Cesare did ask extensive questions and make objections to the enhancement at the hearing. DE 406 at page 9:8-page

24:1. However, Cook submits to the Court that Attorney Cesare engaged in ineffective assistance of counsel by not calling Ms. Healey as a witness in the matter.

As indicated previously, counsel has a duty to engage in effective assistance. *See supra.* The right to effective assistance of counsel extends to plea agreements as well as trials. In addition, it also applies to sentencing. *See Williams vs. Taylor,* 529 U.S. 362, 395-399 (2000) (effective assistance of counsel in a death penalty sentencing context).

Here, Attorney Cesare failed to do this. During Cesare's hearing the Court took evidence about the alleged obstruction. Attorney Cesare did not subpoena Ms. Healey. Cook submits that had Attorney Cesare called Ms. Healey that she would have testified favorably.

As indicated below, if Cook is successful on Ground 3 and 4 here then Cook can be resentenced without the obstruction of justice enhancement. Thus, Cook can show prejudice.

**Ground Four:** Attorney Cesare engaged in ineffective assistance of Counsel when she failed to challenge the obstruction of justice enhancement for the alleged forgery letters.

As indicated previously, counsel has a duty to engage in effective assistance. *See supra.* The right to effective assistance of counsel extends to plea agreements as well as trials. In addition, it also applies to sentencing. *See Williams vs. Taylor,* 529 U.S. 362, 395-399 (2000) (effective assistance of counsel in a death penalty sentencing context).

Here, Attorney Cesare failed to do this. During Cook's sentencing hearing the Court questioned the parties about support letters that were submitted as evidence of Cook's rehabilitation. Docket Entry 414 at 10-15. The Court had questions about whether those letters had been forged, especially noting their smell. *Id*. At 13. At that same hearing the court asked Attorney Cesare if she had evidence or witnesses to verify the letters and that they were sent. Attorney Cesare indicated that she did not. *Id*. At 11. The Court went on to add the obstruction of justice enhancement based on this and another consideration.

Cook submits that had attorney Cesare subpoenaed the witnesses for this matter, they would have testified favorably for Cook. The impact of this is if the court sustains grounds 3 and 4 here then Cook can be resentenced without the obstruction of justice enhancement. Thus, Cook can show prejudice.

Ground Five: Attorney Cesare was ineffective for failing to challenge the legitimacy and substantiation of the "false positive urine" which led to the Cook being denied two levels of acceptance of responsibility under United States Sentencing Guideline 3E1.1.

During the Objections hearing, it was determined that Cook tested positive for multiple controlled substances. *See* DE 406 at 30:8-13. Cook submits that his counsel did not pursue any options or present information to the Court that Cook was on medication that could increase the chance of a false positive. Cook submits that attorney Cesare did not engage in effective assistance of counsel around sentencing. *See Williams vs. Taylor, supra.*

The undersigned is aware that Attorney Cesare did, in fact, make reference to his urine test regarding the acceptance of responsibility. However, again there was no reference to the test being challenged or any other subsequent methods to show that the test was inappropriate. Cook submits that had this been done appropriately it would have led in his favor to the totality of the circumstances test that was used. DE 406 at Page 27:5- Page 23:7.

**Ground Six**: As of right now, Cook stands on what he has previously written in his form § 2255 on this ground.

**Ground Seven**: Attorney Cesare provided ineffective assistance of counsel for failing to argue that two of Cook's two previous convictions were not career offender predicates.

Here, Cook submits that his two career predicate offenses were part of a common scheme or plan. *See* DE 382 at page 20, ¶ 62-page 21, ¶ 63. Cook submits that these two things were part of the same common scheme or plan.

The Third Circuit has looked to the Second and Seventh Circuits for guidance here. Courts look to whether there is evidence that the offenses have been jointly planned, or at least that it would have been evident that the commission of one would entail the commission of the other as well." *United States v. Beckett*, 208 F.3d 140, 147 (3d Cir. 2000), *quoting United States v. Ali*, 951 F.2d 827, 828 (7th Cir.1992). The Third Circuit also found relevant the idea that the offenses need more than temporal proximity to show relatedness. *See Beckett,* 208 F.3d at 147.

Based on the above, Cook submits that his offenses were a common scheme or plan. As Cook indicated in his form motion,

> The conduct from 3:12-1999 case arose from an investigation which began in 1996 and lasted until 1999. During the time of investigation, the Defendant committed several overt acts, one of which led to the possession of drugs found for the 1998 case. The Defendant served one concurrent 5-10 year sentence, was paroled from one single institutional state number, and when parole was violated, served one violation.

Because this objection was not made by counsel, Counsel engaged in deficient performance. Further, had counsel submitted this objection there is a reasonably likelihood that the court would have accepted it. Therefore, Cook can show prejudice.

**Ground Nine**: The undersigned stands on what was previously filed here, especially given that the undersigned recognizes that Attorney Cesare did seek a downward variance. *See* DE 393, page 51 line ten ("Given Mr. Cook's employment history, education, involvement in programs while incarcerated, significant substance abuse history, and continuing support from his family, a downward variance is suggested.")

**Ground Ten**: The Undersigned stands on what has been previously briefed in this matter. The undersigned will confer with Cook and the Government on this.

**Ground Thirteen**: Attorney Cesare provided ineffective assistance of counsel for failing to interview halfway house staff after the government alleged that Cook was selling drugs while housed in the halfway House.

Cook spent portions of his pretrial time in a halfway house. DE 382 at Page 11, ¶ 19. While he was there, Edward Welch indicated that Cook asked him to sell drugs

at his direction, and that Cook instructed him to supply women with drugs for payment. *Id.* This was not objected to by attorney Cesare.

Cook submits that this was ineffective. As Cook listed in his form motion, Cook was a full-time student and a manager at his place of employment. There was no objection to this ground and no interview with the staff of the halfway house to confirm or deny that this was true. Attorney Cesare had the ability to engage in investigations with the people present here but did not. Cook submits that this was error. *See Williams vs. Taylor,* 529 U.S. 362, 395-399 (2000). Cook submits that had attorney Cesare investigated questioned such witnesses that they would have submitted favorable answers.

**Ground Fifteen**: The Undersigned stands on what has been previously briefed in this matter. The undersigned will confer with Cook and the Government on this.

**Ground Sixteen**: The Undersigned stands on what has been previously briefed in this matter. The undersigned will confer with Cook and the Government on this

**Ground Seventeen**: Cook's sentence is in violation of *United States vs. Erlinger*

In *Erlinger vs. United States*, 602 U.S. 821 (2024), the Supreme Court held that a person who is subject to a mandatory minimum pursuant to the Armed Career Criminal Act should have a jury resolve the ACCA's "occasions" inquiry unanimously and beyond a reasonable doubt. *Id.* At 835. The Supreme Court explained the factors

for what qualifies as an "occasion" in *Wooden v. United States*, 595 U.S. 360, 369 (2022):

> The inquiry that requirement entails, given what "occasion" ordinarily means, is more multi factored in nature. From the wedding to the barroom brawl, all the examples offered above suggest that a range of circumstances may be relevant to identifying episodes of criminal activity. Timing of course matters, though not in the split-second, elements-based way the Government proposes. Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events. Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event. And the character and relationship of the offenses may make a difference: The more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion.

Given the above, Cook's prior offenses meet the standard for the "occasions" test. Cook's previous offenses were part of a common scheme of plan. *See* Ground Seven. The convictions were investigated by the same law enforcement agencies, they were tried in the same state court, in the same county, in the same state, by the same co-conspirators. Given the above, Cook's sentence is in violation of *Erlinger*.

## **CONCLUSION**

Wherefore, Cook prays that a hearing be held on his claims and his § 2255 motion be granted.

Respectfully Submitted,

<u>/s/ Jeremy Gordon</u>
Jeremy Gordon
315 S. Bois D'Arc
Forney, TX 75126
Tel: 972-564-4644
Email: Jeremy@guestandgray.com
TX Bar No. 24049810

*LR 83.8.2.1 Counsel for Cook*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served on all counsel of record via the Court's CM/ECF system this 24th day of July 2025.

<u>/s/ Jeremy Gordon</u>