## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 3:16-CR-00312 |
| v. | : | |
| | : | (JUDGE MANNION) |
| MARK COOK, | : | |
| Defendant/Petitioner. | : | |
| | : | |

## GOVERNMENT'S BRIEF IN OPPOSITION TO
## 28 U.S.C. § 2255 MOTION TO VACATE

Respectfully submitted,

JOHN C. GURGANUS
Acting United States Attorney

/s/ Patrick J. Bannon
PATRICK J. BANNON
Assistant U.S. Attorney
Attorney I.D. No. NY 5595541
United States Attorney's Office
Middle District of Pennsylvania
235 N. Washington Ave.
P.O. Box 309, Suite 311
Scranton, PA 18503
Tel: (570) 348-2800
Patrick.bannon@usdoj.gov

# TABLE OF CONTENTS

I.   INTRODUCTION................................................................................1

II.  BACKGROUND ............................................................................2

III. LEGAL STANDARD ....................................................................4

IV. ARGUMENT ................................................................................7

     A.   All of Cook's ineffectiveness claims fail because he neither argues nor establishes that he was prejudiced by any alleged deficient performance............................................................8

     B.   The record demonstrates that counsel raised several of the objections Cook now faults counsel for failing to raise. .......10

     C.   Cook does not argue, and cannot demonstrate, that he was prejudiced by any alleged inaccurate predictions about his sentence because the district court conducted a proper plea colloquy....................................................................................16

     D.   Cook was properly designated a career offender and counsel had no basis to object to that designation or otherwise challenge Cook's criminal history. .......................................18

     E.   Counsel was not ineffective for failing to interview halfway house staff. ..........................................................................22

     F.   *Ehrlinger* has no bearing on this case. .................................23

V.   CONCLUSION ............................................................................25

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Berryman v. Morton,*
   100 F.3d 1089 (3d Cir. 1996) ................................................................. 5

*Erlinger vs. United States,*
   602 U.S. 821 (2024) ........................................................................ 1, 25

*Gonzalez v. United States,*
   553 U.S. 242 (2008) .............................................................................. 12

*Hartey v. Vaughn,*
   186 F.3d 367 (3d Cir. 1999) .......................................................... 11, 20

*Hill v. Lockhart,*
   474 U.S. 52 (1985) ....................................................................... 6, 9, 10

*Mccoy v. Louisiana,*
   584 U.S. 414 (2018) ............................................................... 12, 13, 24

*Solis v. United States,*
   252 F.3d 289 (3d Cir. 2001) ................................................................. 7

*Strickland v. Washington,*
   466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984) ......................... 5

*United States v. Addonizio,*
   442 U.S. 178 (1979) ........................................................................... 4, 5

*United States vs. Asbury,*
   2025 WL 492009 (W.D.N.C. Feb. 13, 2025) ........................................ 26

*United States v. Beckett,*
   208 F.3d 140 (3d Cir. 2000) ................................................................ 22

*United States v. Booth,*
   432 F.3d 542 (3d Cir. 2005) .................................................................. 6

*United States v. Chambers,*
   597 F. App'x 707 (3d Cir. 2015) .......................................................... 21

*United States v. Cook,*
   No. 23-2548, 2024 WL 755899 (3d Cir. Feb. 1, 2024) ........................... 4

*United States v. Cook,*
No. CR 3:16-312, 2023 WL 4278673 (M.D. Pa. June 29, 2023) ........... 23

*United States v. Cross,*
308 F.3d 308 (3d Cir. 2002) .................................................................... 9

*United States v. Dawkins,*
463 F. App'x 93 (3d Cir. 2012) ............................................................. 21

*United States v. Day,*
969 F.2d 39 (3d Cir. 1992) .................................................................... 22

*United States v. Dobbin,*
147 F.4th 333 (3d Cir. 2025) ............................................................ 6, 9

*United States v. Dyess,*
730 F.3d 354 (4th Cir. 2013) .................................................................. 7

*United States v. Essig,*
10 F.3d 968 (3d Cir. 1993) ..................................................................... 4

*United States v. Fazio,*
795 F.3d 421 (3d Cir. 2015) ......................................................... passim

*United States v. Frezzell,*
2024 WL 5088106 (3d Cir. Dec. 12, 2024) .......................................... 26

*United States v. Frezzell,*
No. CR 17-0208, 2024 WL 3328711 (W.D. Pa. July 8, 2024) .............. 26

*United States v. Glass,*
904 F.3d 319 (3d Cir. 2018) ................................................................. 21

*United States v. Golson,*
No. 1:10-CR-00339, 2015 WL 5693044 (M.D. Pa. Sept. 28, 2015) ........ 7

*United States v. Gray,*
878 F.2d 702 (3d Cir. 1989) ................................................................. 25

*United States v. Hankerson,*
496 F.3d 303 (3d Cir. 2007) ................................................................. 21

*United States v. Hollis,*
569 F.2d 199 (3d Cir. 1977) ................................................................... 6

*United States v. Jones,*
336 F.3d 245 (3d Cir. 2003) ................................................................. 18

*United States v. Kramer*,
   No. 3:20-CR-147, 2025 WL 539947 (M.D. Pa. Feb. 18, 2025)..............20

*United States v. Lewis*,
   58 F.4th 764 (3d Cir. 2023) ................................................20

*United States v. Lilly*,
   536 F.3d 190 (3d Cir. 2008) ..................................................7

*United States v. Martin*,
   No. 24-2540, 2024 WL 5102858 (3d Cir. Dec. 13, 2024) ...............25, 26

*United States v. Mustafa*,
   238 F.3d 485 (3d Cir. 2001) ................................................18

*United States v. Nasir*,
   17 F.4th 459 (3d Cir. 2021) ................................................22

*United States v. Peppers*,
   899 F.3d 211 (3d Cir. 2018) ..................................................6

*United States v. Sanders*,
   165 F.3d 248 (3d Cir. 1999)............................................20, 23

*United States v. Shedrick*,
   493 F.3d 292 (3d Cir. 2007) ................................................18

*United States v. Thomas*,
   221 F.3d 430 (3d Cir. 2000)..................................................7

*United States v. Titchell*,
   261 F.3d 348 (3d Cir. 2001)............................................11, 20

*United States v. Tolliver*,
   800 F.3d 138 (3d Cir. 2015)................................................25

*United States v. Torner*,
   No. CR 3:17-343, 2023 WL 7184025
   (M.D. Pa. Nov. 1, 2023) ......................................12, 14, 15, 24

*United States v. Travillion*,
   759 F.3d 281 (3d Cir. 2014)..................................................5

*United States v. Weaver*,
   267 F.3d 231 (3d Cir. 2001)................................................22

*Zettlemoyer v. Fulcomer*,
   923 F.2d 284 (3d Cir. 1991)..................................................7

## Statutes

18 U.S.C. § 2 ................................................................. 23

18 U.S.C. § 924(e)(1) ................................................. 8, 25

21 U.S.C. 841(a)(1) ...................................................... 17

28 U.S.C. § 2255 ............................................................. 7

28 U.S.C. § 2255(a) ........................................................ 4

## Rules

USSG 4B1.1 ................................................................... 26

# I.   INTRODUCTION

Following his conviction and sentence for possession with intent to distribute heroin, cocaine, and MDMA, Petitioner Mark Cook filed a timely motion to vacate pursuant to 18 U.S.C. § 2255.  Cook raises 17 different grounds in support of relief, 16 of which claim ineffective assistance of counsel and one of which alleges that his conviction violates *Erlinger vs. United States*, 602 U.S. 821 (2024).  Both his pro se and counseled briefs, however, contain only vague and conclusory allegations in support of these grounds for relief, all of which are belied by the record, devoid of factual support, and unsupported by any authority from this or any court.

This case contains an extensive record.  Cook's trial counsel raised several objections to Cook's presentence report, and this Court held a lengthy hearing during which it ruled on many of those objections. (Doc. 406).  The Court requested supplemental briefing on two specific objections and then issued a written opinion overruling them.  (Doc. 401).  Counsel provided a sentencing memorandum and addenda containing over 500 pages of material.  (Doc. 393, 394).  In addition, counsel raised several arguments at Cook's sentencing hearing.  (Doc.

1

414).  This Court thanked counsel directly for her "diligent work" and "very thorough presentations," noting that "counsel did just an excellent job in this case." (Doc. 414 at 66).  Because of the appellate waiver in his plea agreement, Cook did not challenge this Court's sentencing decisions on appeal.  He instead attempts to do so in his Section 2255 motion under the guise of ineffectiveness.  The record shows, however, that counsel raised nearly all the objections or arguments Cook now contends should have been raised.  Cook's remaining arguments, including his *Ehrlinger* argument, are meritless, and presented in a conclusory manner without legal or factual support.  The Court should deny Cook's Section 2255 motion without an evidentiary hearing.

## II.  BACKGROUND

In 2013, while serving a federal imprisonment term for drug trafficking, Cook began selling cocaine and heroin through an associate, Edward Welch.  PSR ¶¶ 18-19.  Welch later told investigators that Cook had several women working for him as prostitutes and that Cook instructed Welch to supply them with heroin and MDMA.  PSR ¶ 19.  Informants also told investigators that from 2013 to 2016 they (1) purchased quantities of heroin, cocaine, and/or MDMA from Cook; (2)

sold those substances at his direction; or (3) were provided those substances by Cook in exchange for working as a prostitute for him. PSR ¶¶ 20-27. In 2015, police arrested Cook during a traffic stop, and, while in prison, Cook continued to direct both drug trafficking and prostitution. PSR ¶¶ 28-29. He did the same following his release from prison. PSR ¶¶ 30-35.

In 2019, a federal grand jury returned a 16-count fourth superseding indictment charging Cook with 12 counts related to sex trafficking, two counts related to drug trafficking, one count of attempted witness tampering, and one count of wire fraud. (Doc. 233). Cook pleaded guilty to possession with intent to distribute cocaine, heroin, and MDMA. (Doc. 364). Because of two previous controlled substance offenses, Cook was a career offender with a criminal history category of VI. Because of the weight of drugs involved and enhancements for his leadership role and obstruction of justice, he received a total offense level of 36, resulting in a Guidelines range of 324 to 360 months when accounting for the statutory maximum. (Doc. 414 at 65). After a full evidentiary hearing on Cook's objections to his PSR, post-hearing briefing on certain objections, and a lengthy

sentencing hearing, this Court sentenced him to a below-Guidelines sentence of 300 months' imprisonment. (Doc. 414 at 72; Doc. 410). Because of an appellate waiver, the Third Circuit dismissed his appeal. *United States v. Cook*, No. 23-2548, 2024 WL 755899, at *1 (3d Cir. Feb. 1, 2024). Cook then filed a timely Section 2255 motion, which was supplemental by a counseled brief in support. (Doc. 430, 431).

## III. LEGAL STANDARD

Under Section 2255, a federal prisoner may move to vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. *United States v. Essig*, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Instead, Section 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." *Addonizio*, 442 U.S. at 185.

Courts analyze "claim[s] of ineffective assistance of counsel under the Supreme Court's two-prong test from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984)." *United States v. Fazio*, 795 F.3d 421, 426 (3d Cir. 2015). Under the first prong, Cook "must show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Id.* (quoting *Strickland* 466 at 687). Courts "'must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.'" *United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014) (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996)). "In essence, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness' meaning 'reasonableness under prevailing professional norms.'" *Berryman*, 100 F.3d at 1094. (quoting *Strickland*, 466 U.S. at 688).

Under the second, or "prejudice," prong, Cook "must demonstrate that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Fazio*, 795 F.3d at 426 (quoting *Strickland* 466 at 694). "A

reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* In the guilty plea context, "the prejudice prong of the test requires a showing 'that there is a reasonable probability that, but for counsel's errors, [Cook] would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Cook "bears the burden of showing that his *Strickland* claim[s are] cognizable." *United States v. Dobbin*, 147 F.4th 333, 347 (3d Cir. 2025) (citing *United States v. Peppers*, 899 F.3d 211, 235 (3d Cir. 2018)). Cook also "bears the burden of proving his conviction is illegal" under *Ehrlinger. Peppers*, 899 F.3d at 224 n.6 (quoting *United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977)). Cook cannot carry his burden here and the Court should deny his Section 2255 motion without a hearing.[1]

---

[1] When a petitioner brings a Section 2255 motion, the Court need not hold an evidentiary hearing where, as here, "the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United States v. Booth*, 432 F.3d 542, 545-546 (3d Cir. 2005). A defendant is not "entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous." *Solis v. United States*, 252 F.3d 289 (3d Cir. 2001). Courts have therefore refused to hold evidentiary hearings "absent identification of some facts that support a contention of ineffectiveness, because to do so [would]

## IV. ARGUMENT

Cook's 2255 motion ultimately contains only vague and conclusory allegations supporting his multiple grounds for relief. "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Thomas,* 221 F.3d 430, 437 (3d Cir. 2000); *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013). As this Court has held, a "district court can summarily deny a § 2255 motion without holding a hearing or requiring the Government to file an answer when the motion and corresponding record conclusively show that a movant is not entitled to relief." *United States v. Golson*, No. 1:10-CR-00339, 2015 WL 5693044, at *1 (M.D. Pa. Sept. 28, 2015) (citing 28 U.S.C. § 2255(b); R. Governing § 2255 Cases 4(b); and *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008)). Cook's motion and the record conclusively make this showing and his motion should be subject to summary disposition.

Cook raises 17 different grounds for relief, each of which contains at most a few sentences of conclusory supporting facts without citation

---

encourage meritless petitions burdening judicial resources." *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 300-02 (3d Cir. 1991).

7

to the record or any legal authority.  Cook's counseled brief in support

contains little additional factual detail and cites limited case law.  For

several grounds, the counseled brief adds no additional argument

whatsoever.  Many of the unsupported assertions are flatly belied by

the record, including by claiming counsel failed to raise an argument

counsel clearly raised.  Additionally, although many of Cook's

arguments involve the calling of additional witnesses, he not only fails

to provide an affidavit from those witness discussing their testimony, he

also fails to include any description of what that testimony would be or,

in some cases, who the witnesses would be.[2]  His *Ehrlinger* argument

fails as a matter of law because he did not receive a sentence

enhancement under 18 U.S.C. § 924(e)(1).  His motion therefore

qualifies for summary denial.  In any event, each of his arguments are

addressed below.

    **A.**    **All of Cook's ineffectiveness claims fail because he neither argues nor establishes that he was prejudiced by any alleged deficient performance.**

---

[2] Counsel's brief references an affidavit from Cook "to be filed separately" as "Exhibit A," but that affidavit does not appear to have been filed.  (Doc. 431 at 5).

Under *Strickland*, Cook bears the burden of demonstrating both that counsel's performance was deficient, and that counsel's performance prejudiced him. *Dobbin*, 147 F.4th at 347 (quoting *Strickland* 466 at 694). In the guilty plea context, Cook must show "'a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial.'" *Fazio*, 795 F.3d at 426 (quoting *Hill*, 474 U.S. at 59). Because failing to satisfy the prejudice prong "defeats an ineffective assistance claim," the Third Circuit has instructed courts to address that prong first. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002); *Fazio*, 795 F.3d at 426. Here, Cook fails to meet his burden for all 16 claims of ineffectiveness, and the Court can deny his motion for that reason alone.

First, and most importantly, Cook does not even argue prejudice with respect to nearly all of his 16 ineffectiveness claims. He does not mention prejudice once in his pro se brief, nor does he claim at any point that, but for an alleged deficiency, he would have proceeded to trial. His counseled brief only mentions prejudice in discussing Grounds 1, 3, 4, and 7, and even there does so only in passing. Cook

clearly cannot meet his burden to establish prejudice when he fails to even argue it.

With respect to Cook's conclusory references to prejudice in Grounds 1, 3, 4, and 7, Cook does not assert the prejudice required by *Hill* and its progeny. For Ground 1, Cook claims that counsel's alleged error led to a Guidelines increase. (Doc. 431 at 6). For Grounds 3 and 4, Cook contends that without the alleged errors he would not have received an obstruction of justice enhancement. (*Id.* at 9). For Ground 7, Cook argues that, but for the alleged error, he would not have been designated a career offender. (*Id.* at 11). But under *Hill*, prejudice requires a showing that "but for counsel's errors, [Cook] would not have pleaded guilty and would have insisted on going to trial.'" *Fazio*, 795 F.3d at 426 (quoting *Hill*, 474 U.S. at 59). Cook nowhere argues that to be the case. Thus, even these passing references to prejudice cannot meet his burden to establish ineffectiveness under *Strickland*, and his ineffectiveness claims should be denied.

**B. The record demonstrates that counsel raised several of the objections Cook now faults counsel for failing to raise.**

Regardless of Cook's failure to argue or establish prejudice, he has not met his burden of establishing that counsel's performance was deficient. Grounds 1, 2, 3, 4, 8, 9, and 16 all contend that counsel was ineffective for failing to object when counsel did in fact object. The Third Circuit has repeatedly found that counsel cannot be ineffective when counsel performs the task a petitioner claims he or she failed to do, noting that such a "claim makes no sense." *United States v. Titchell*, 261 F.3d 348, 352 (3d Cir. 2001); *Hartey v. Vaughn*, 186 F.3d 367, 374 (3d Cir. 1999). This Court has denied Section 2255 motions for the same reason.

Ground 1 asserts that counsel should have objected to the leadership enhancement. Counsel objected to this enhancement in Cook's sentencing memorandum and at his pre-sentencing hearing. (Doc. 393 at 14-17; Doc. 406 at 33-71). FBI Agent Sean McMillen testified at length regarding Cook's leadership role, during which time multiple prison calls were played, and counsel cross-examined him. (Doc. 406 at 38-71). To the extent Cook claims counsel should have called Carolina Ferrante as a witness in support of this argument, the decision to call or not call a witness "falls within the category of 'trial

management' and does not demonstrate [Cook's] counsel fell below an objective standard of reasonableness." *United States v. Torner*, No. CR 3:17-343, 2023 WL 7184025, at *4 (M.D. Pa. Nov. 1, 2023). "Trial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as 'what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence.'" *Mccoy v. Louisiana*, 584 U.S. 414, 422 (2018) (quoting *Gonzalez v. United States*, 553 U.S. 242, 248 (2008)). Counsel cannot be deemed ineffective here for declining to call Ferrante as a witness, especially considering Ferrante featured prominently on the prison calls in which Cook directed individuals to sell drugs on his behalf and because, at that point, she had already pleaded guilty and been sentenced for selling drugs on his behalf. *United States v. Ferrante*, Case No. 3:17-CR-00252, Doc. 33 (M.D. Pa. October 1, 2025).

Grounds 2 and 8 assert that counsel was ineffective for failing to challenge to drug weight attributable to Cook. Again, counsel raised that objection. (Doc. 393 at 13-14). Although counsel withdrew the objection at the presentence hearing, that again amounted to a trial

management decision and not deficient performance. *Mccoy* v, 584 U.S. at 422. In his 2255 motions, Cook presents no factual basis to challenge the drug weights. (Doc. 431 at 8).

Ground 3 argues that counsel was ineffective because, although counsel did object to the obstruction enhancement, counsel did not call one of Cook's prostitutes, Kathleen Healey, as a witness. Cook received the enhancement because he attempted to coerce Healey into recanting her statement that he physically abused her. Cook's counsel objected and filed documents to argue that Healey voluntarily wanted to recant her story. (Doc. 406 at 10-13). This Court, however, found the documents had "no ring of truth other than meant to be an obstruction of the witness in a tone that . . . clearly involves a threatening communication." (Doc. 406 at 23). For the reasons discussed with Ground 1, the decision not to call Healey "does not demonstrate [Cook's] counsel fell below an objective standard of reasonableness." *Torner*, No. 2023 WL 7184025, at *4. Similarly, Cook only indicates Healey "would have testified favorably" without describing the content of that testimony. (Doc. 431 at 9).

Ground 4 argues that counsel failed to challenge the obstruction enhancement over forged letters allegedly submitted by prison officials in support of Cook.  Prior to sentencing, counsel had submitted character letters purportedly from three correctional officers at Pike County Correctional Facility, and the Government provided responses from those officers stating they did not write them.  (Doc. 406 at 24).  At sentencing counsel relayed to the Court Cook's arguments regarding these letters.  (Doc. 414 at 14).  Counsel had already attempted to interview the officers who indicated they would not help Cook.  (Doc. 414 at 15).  Cook's contention now that counsel failed to challenge these letters or that the officers, if called, "would have testified favorably for [him]," are flatly contradicted by the record.  (Doc. 431 at 10).  In any event, Cook cannot show any prejudice because this Court noted that, regardless of these letters, it had already found an independent basis to apply an obstruction enhancement.  (Doc. 414 at 14).

In Ground 5, Cook contends counsel should have argued his three failed drug tests were possibly the result of false positives from medication he took at the time.  Counsel, however, did attempt to subpoena the results of these drug tests.  (Doc. 378).  The Court found,

however, that, to the extent Cook wished to challenge the results of the tests or any disciplinary action related to them, the prison system maintained an appropriate appeal process for doing so. (Doc. 379). According to the Court, sentencing was not the appropriate place to collaterally attack the prison's disciplinary findings. (*Id*.). Cook does not indicate whether he ever engaged in the appeal process. Regardless, at sentencing counsel again attempted to challenge the positive tests, arguing that they should not count against acceptance of responsibility given that Cook attended drug and alcohol treatment while incarcerated. (Doc. 393 at 23-24). Counsel cannot be ineffective for failing to raise an argument that was raised or for declining to re-raise a meritless argument this Court had already rejected.

Ground 9 argues that counsel was ineffective for failing to request a downward variance. Counsel did request a downward variance which this Court denied. (Doc. 393 at 51; 414 at 16). Cook admits as much. (Doc. 431 at 12). Ground 16 argues that counsel was ineffective for failing to seek a departure for the overrepresentation of Cook's criminal history. Counsel did seek a downward departure which this Court

denied.  (Doc. 393 at 24-27; Doc. 406 at 82-82).  Cook does not appear to contend otherwise.

Cook therefore fails to establish deficient performance with respect to each of these grounds.

### C. Cook does not argue, and cannot demonstrate, that he was prejudiced by any alleged inaccurate predictions about his sentence because this Court conducted a proper plea colloquy.

In Grounds 11, 12, and 14, Cook contends that counsel was ineffective for expressing that Cook would receive a sentence of time served and informing him that he would not receive any sentence enhancements.  Even if these allegations are true, and even if they constitute deficient performance, Cook cannot demonstrate prejudice because this Court conducted a proper plea colloquy, and Cook does not contend otherwise.  *Fazio*, 795 F.3d at 427.  This Court therefore "need not reach the issue of whether [Cook's] plea counsel's advice constituted deficient performance under *Strickland*," because "[a]ny error in that advice was remedied by the [Court's] in-depth colloquy and the language of the plea agreement itself, and so [Cook] was not prejudiced."  *Id*.

The plea agreement specified a maximum penalty "of 30 years." (Doc. 364 at 1). At his change of plea hearing, Cook stated that he understood this maximum penalty, that he had enough time to discuss the agreement with counsel, that he understood all its contents, that he had no questions concerning those contents, and that everything in the agreement was acceptable to him. (Doc. 375 at 8-9). Finally, Cook understood that the Court may impose a sentence different from any estimate his counsel had given him. (Doc. 375 at 12-13). This Court therefore conducted an adequate plea colloquy, and Cook does not identify any errors.[3]

The Third Circuit has "long held that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where, as here, an adequate plea hearing was conducted." *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). "[A]ll that the law requires is that the defendant be informed of his/her exposure in pleading

---

[3] Cook now contends, for the first time, that counsel only faxed him a copy of the plea agreement. (Doc. 431 at 5). This allegation conflicts directly with the statements Cook made under oath at his change of plea hearing, where he indicated he was satisfied with counsel's representation, had enough time to discuss his case and the plea agreement with her, understood and accepted it, and had no questions regarding its contents. (Doc. 375 at 3, 8-9).

guilty." *Id.* (quoting *United States v. Mustafa*, 238 F.3d 485, 492 n.5 (3d Cir. 2001). As in each of these cases, "any possible error in plea counsel's advice to [Cook] was cured by the plea agreement and at the plea colloquy." *Fazio*, 795 F.3d at 428.

### D. Cook was properly designated a career offender and counsel had no basis to object to that designation or otherwise challenge Cook's criminal history.

In Grounds 6, 7, 10, and 15, Cook contends that counsel was ineffective for failing to raise various objections related to his criminal history. Ground 6 argues that counsel should have argued that one of Cook's career offender predicates was an inchoate offense. Ground 7 argues that counsel should have argued that two of Cook's career offender predicates were part of a common scheme or plan. Ground 10 argues that counsel should have objected to the Government's amendment of its Section 851 motion. Ground 15, though not entirely clear, appears to contend that counsel should have argued that Cook's crime of conviction—possession with intent to distribute heroin, cocaine, and MDMA—was not a controlled substance offense. Cook, however, fails to provide any factual or legal support for these meritless claims, and "[t]here can be no Sixth Amendment deprivation of effective counsel

based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999); *United States v. Kramer*, No. 3:20-CR-147, 2025 WL 539947, at *6 (M.D. Pa. Feb. 18, 2025).

Cook's prior convictions were proper career offender predicates and not, as he contends, merely inchoate offenses or part of the same scheme or plan. Cook was previously convicted of (1) possession with intent to deliver cocaine, possession of drug paraphernalia, and possession of a controlled substance; and (2) delivery of cocaine, criminal conspiracy to deliver controlled substances, and conspiracy to commit corrupt organization. PSR ¶¶ 58-59. With respect to Ground 6, counsel did object to his prior convictions being career offender predicates, and filed supplemental briefing on the issue. (Doc. 399 at 4-9; Doc. 406 at 83-96). Once again, counsel cannot be ineffective for failing to raise an objection counsel in fact raised. *Titchell*, 261 F.3d at 352; *Hartey*, 186 F.3d at 374. Regardless, both convictions are for controlled substance offenses and proper career offender predicates. *United States v. Lewis*, 58 F.4th 764, 771 (3d Cir. 2023); *United States v. Glass*, 904 F.3d 319, 324 (3d Cir. 2018). And neither offense is, as

Cook now contends, an inchoate offense. *Id.*; *see also United States v. Chambers*, 597 F. App'x 707, 712 (3d Cir. 2015).

With respect to Ground 7, both offenses were separate offenses and not part of the same common scheme or plan. Cook's first predicate offense stemmed from a search warrant executed in Stroudsburg, Pennsylvania where officers seized approximately 100 grams of cocaine base, 60 grams of marijuana, and drug paraphernalia. PSR ¶ 58. Cook's second predicate offense involved Cook selling cocaine from a different address to a confidential informant, leading to the seizure of more cocaine and a firearm. PSR ¶ 59. The offenses were separated by nearly a year, were docketed separately, and involved different locations and different conduct. PSR ¶¶ 58-59. The Court therefore properly determined that the convictions were separate offenses, and counsel was not ineffective for failing to raise this meritless argument. *United States v. Dawkins*, 463 F. App'x 93, 99 (3d Cir. 2012); *United States v. Hankerson*, 496 F.3d 303, 311 (3d Cir. 2007).

For Ground 10, counsel had no basis to object to the Government's amendment to its Section 851 information. In its initial information, the Government identified two of Cook's three drug trafficking

convictions. (Doc. 100). Following the Third Circuit's decision in *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021), the Government amended the information because Cook's prior federal felony was an inchoate offense, and his state felonies were not. (Doc. 341). As an initial matter, "the government is not required to file a pretrial [Section 851] information to subject a defendant to sentencing as a career offender." *United States v. Day*, 969 F.2d 39, 48 (3d Cir. 1992). The Government nevertheless did so here, and filed the amendment before Cook pleaded guilty, which satisfied the Section 851 notice requirement. *United States v. Weaver*, 267 F.3d 231, 246 (3d Cir. 2001) (citing 21 U.S.C. § 851). For the reasons discussed above, this amended information identified two career offender predicates. Counsel had no basis to object to the amended information and was not ineffective for failing to raise that meritless argument. *Sanders*, 165 F.3d at 253.

Finally, Ground 15 asserts that counsel was ineffective for failing to argue that Cook's crime of conviction was an inchoate offense because the indictment included 18 U.S.C. § 2, or an aiding and abetting theory of liability. Counsel, again, did raise that argument and filed supplemental briefing. (Doc. 399 at 4-9; Doc. 406 at 83-96). This Court

issued a written opinion explaining its reasons for overruling that objection—specifically that Cook pleaded guilty to possession with intent to distribute and not aiding and abetting that offense. *United States v. Cook*, No. CR 3:16-312, 2023 WL 4278673, at *3 (M.D. Pa. June 29, 2023).

Once again, counsel's performance was not deficient on any of these grounds.

### E. Counsel was not ineffective for failing to interview halfway house staff.

In Ground 13, Cook contends counsel should have interviewed "halfway house staff" regarding his drug trafficking while on federal supervised release because they would have provided "favorable answers." (Doc. 431 at 12-13). Cook had served the remainder of a federal imprisonment term at Catholic Social Services Community Corrections Facility in Scranton. PSR ¶ 18. While there, he directed Edward Welch, another federal inmate, to distribute cocaine and heroin. PSR ¶ 18. On Cook's orders, Welch also distributed MDMA and heroin to prostitutes working for Cook. PSR ¶ 19. Welch admitted this to authorities and multiple witness identified Welch as Cook's associate. PSR ¶ 19. The district court later revoked Welch's supervised release

based on this conduct. *United States v. Welch*, 3:05-CR-00018, Doc. 280 (M.D. Pa. October 2, 2024).

As with other potential witnesses Cook mentions in passing, counsel was not ineffective here for declining to conduct interviews with the halfway house staff given Welch's admissions. *Mccoy*, 584 U.S. at 422 (2018); *Torner*, 2023 WL 7184025, at *4. And once again, Cook fails to identify the witnesses or describe their testimony. Even if counsel's performance was deficient here, and it was not, prejudice "may not be based on mere speculation about what the witnesses [the attorney] failed to locate might have said." *United States v. Tolliver*, 800 F.3d 138, 142 n.3 (3d Cir. 2015) (quoting *United States v. Gray*, 878 F.2d 702, 712 (3d Cir. 1989)).

## F. *Ehrlinger* has no bearing on this case.

"In *Erlinger*, the U.S. Supreme Court held that, for a sentence enhancement under 18 U.S.C. § 924(e)(1), only a jury may determine whether a defendant's prior criminal acts were committed on different occasions." *United States v. Martin*, No. 24-2540, 2024 WL 5102858, at *2 (3d Cir. Dec. 13, 2024) (citing *Ehrlinger*, 602 U.S. at 834-35). "The Court expressly limited its holding to § 924(e)(1)'s occasions inquiry."

*Id.* *Erlinger* "decide[d] no more than that." *Ehrlinger*, 602 U.S. at 835.
Cook did not receive an enhanced sentence under Section 924(e)(1). He
pleaded guilty to violating Section 841(a)(1), and this Court informed
him of the possible maximum sentence he could receive under the
Guidelines. Because of his prior convictions, he was sentenced as a
career offender under USSG § 4B1.1. *Erlinger* therefore does not apply.
*Martin*, 2024 WL 5102858, at *2; *United States v. Asbury*, No. 3:20-CR-
280-FDW-SCR-2, 2025 WL 492009, at *6 (W.D.N.C. Feb. 13, 2025);
*United States v. Frezzell*, No. CR 17-0208, 2024 WL 3328711, at *6
(W.D. Pa. July 8, 2024), aff'd, 2024 WL 5088106 (3d Cir. Dec. 12, 2024).

## V. CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny the defendant's motion for relief pursuant to § 2255. An evidentiary hearing is not warranted, as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b).

Respectfully submitted,

JOHN C. GURGANUS
Acting United States Attorney

/s/ Patrick J. Bannon
PATRICK J. BANNON
Assistant U.S. Attorney
Attorney I.D. No. NY 5595541
United States Attorney's Office
Middle District of Pennsylvania
235 N. Washington Ave.
P.O. Box 309, Suite 311
Scranton, PA 18503
Tel: (570) 348-2800
Patrick.bannon@usdoj.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 3:16-CR-00312 |
| v. | : | |
| | : | (JUDGE MANNION) |
| MARK COOK, | : | |
| Defendant/Petitioner. | : | |
| | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. On October 17, 2025, she served a copy of the enclosed:

**GOVERNMENT'S BRIEF IN OPPOSITION TO
28 U.S.C. § 2255 MOTION TO VACATE**

by electronic means upon Jeremy Gordon, counsel for petitioner, Mark Cook.

/s/ Stephanie Kakareka
STEPHANIE KAKAREKA
Legal Administrative Specialist