IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
MARK COOK (Reg. No. 14375-067),
Petitioner,
v.
UNITED STATES OF AMERICA,
Respondent.
Crim. Case No.: 3:16-cr-00312-MEM-1
Civ. Case No.: 3:25-cv-00753-MEM
Judge: Hon. Malachy E. Mannion

FILED
SCRANTON
MAR 05 2026
PER ___JKL___
DEPUTY CLERK

PETITIONER'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

TABLE OF CONTENTS

I. STATEMENT OF THE ISSUE................................................... 1
II. ARGUMENT............................................................................ 1
A. The Controlling Rule of *United States v. Nasir*.......................... 1
B. The "Bucket" Rule Prohibits Count Extraction........................... 2
C. The Error Results in a Fundamental Miscarriage of Justice...... 3
III. CONCLUSION....................................................................... 3

TABLE OF AUTHORITIES

Cases:
*Mathis v. United States*, 579 U.S. 500 (2016)
*United States v. Doe*, 810 F.3d 132 (3d Cir. 2015)
*United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021) (*en banc*)
*United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022)
*United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018)

Guidelines:
U.S.S.G. § 4B1.2(b)
U.S.S.G. § 4A1.2(a)(2)
USSC Amendment 795

I. STATEMENT OF THE ISSUE

Whether a consolidated 2000 conviction—comprising Corrupt Organizations, Criminal Conspiracy to Deliver, and Delivery—can serve as a predicate for a Career Offender enhancement when controlling law excludes inchoate offenses from the definition of a "controlled substance offense."

II. ARGUMENT

A. The Controlling Rule of *United States v. Nasir*.

In *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021), the Third Circuit established that the definition of "controlled substance offense" in U.S.S.G. § 4B1.2(b) is limited to the unambiguous text of the Guideline, which excludes inchoate offenses such as conspiracy. My 2000 conviction includes Criminal Conspiracy to Deliver. Under the categorical approach, because the elements involve an "agreement" (conspiracy) rather than the substantive act, that conviction is legally disqualified.

B. The "Bucket" Rule Prohibits Count Extraction.

Per U.S.S.G. § 4A1.2(a)(2), sentences for offenses in the same indictment sentenced on the same day are a single prior sentence (a unified "bucket"). The Government

cannot "extract" the Delivery count to save the enhancement while ignoring the disqualified conspiracy counts. Per Amendment 795, only one strike can be taken from a single consolidated sentence. Since the "bucket" contains disqualified charges, the entire predicate fails.

C. Fundamental Miscarriage of Justice.

Misapplication of the Career Offender enhancement is a "fundamental defect" resulting in a sentence "in excess of the maximum authorized by law." See United States v. Doe, 810 F.3d 132 (3d Cir. 2015).

III. CONCLUSION

I lack the two necessary predicates for Career Offender status. I respectfully request this Court grant me leave to supplement my § 2255 motion.

Respectfully submitted,

/s/ Mark Cook (14375-067)
Petitioner, *Pro Se*