## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 3:16-CR-312** |
| **v.** | : | **(JUDGE MANNION)** |
| **MARK COOK,** | : | |
| **Defendant.** | : | |

### MEMORANDUM

Presently before the Court is Petitioner Mark Cook's ("Petitioner") counseled motion to vacate, set aside, or correct a sentence pursuant to 18 U.S.C. §2255. (Doc. 430). On June 7, 2021, pursuant to a written plea agreement (Doc. 364), Petitioner pleaded guilty to Possession with Intent to Distribute heroin, MDMA, and cocaine, in violation of 21 U.S.C. §841(a)(1). (Doc. 369). On April 28, 2022, a final Presentence Investigation Report ("PSR") was filed, and found that Petitioner was a guidelines career offender by virtue of his prior felony convictions for controlled substances offenses. (Doc. 382 at 15). Because of the two previous controlled substance offenses, Defendant received a total offense level of 36, resulting in a Guidelines range of 324 to 360 months of incarceration when accounting for the statutory maximum. (Doc. 414 at 65). The Court varied downwards and sentenced Petitioner to a period of imprisonment of 300 months. (Doc. 410). On June 4, 2025, Petitioner filed the instant motion arguing, *inter alia*, ineffective

counsel and due process violations. (*See generally* Docs. 430 and 431). As discussed more fully herein, the Court finds that Petitioner's grounds lack merit and will **DENY** all of Defendant's motion without the need for a hearing.

## I. BACKGROUND

On May 14, 2019, a federal grand jury sitting in Scranton, Pennsylvania returned a sixteen-count Fourth Superseding Indictment charging Petitioner with twelve counts related to sex trafficking, two counts related to drug trafficking, one count of attempted witness tampering, and one count of wire fraud. (Doc. 233). On June 7, 2021, pursuant to a written plea agreement, Petitioner pleaded guilty to Count Fourteen of the Fourth Superseding Indictment: Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §841(a)(1). (Doc. 364 at 1-2 and Doc 369).

The written plea agreement, pursuant to which Petitioner pleaded guilty, contained a provision whereby the Government agreed that after sentencing it would dismiss the remaining counts of the Fourth Superseding Indictment. (Doc. 364 at 2). The written plea agreement also included a provision pursuant to which Petitioner acknowledged that he was "satisfied with the legal services and advice provided" by his attorney. (*Id.* at 22). This agreement was signed by Petitioner on June 4, 2023. (*Id.* at 24).

- 2 -

On April 28, 2022, a PSR was filed, which concluded that Petitioner was a guidelines career offender by virtue of the prior felony drug trafficking convictions set forth in paragraphs 58 and 59 of the PSR. (Doc. 382 at 15). On August 29, 2022, Petitioner's counsel, Attorney Stephanie Cesare ("Attorney Cesare"), filed a fifty-three-page sentencing memorandum. (Doc. 393). In the sentencing memorandum, Attorney Cesare raised, *inter alia,* objections to: 1) paragraphs 37 and 46 of the PSR, arguing that the adjustment for Obstruction of Justice is inapplicable in the instant case, (*Id.* at 9); 2) paragraphs 39 and 49 of the PSR, requesting that Petitioner receive a reduction for acceptance of responsibility, (*Id.* at 10); 3) paragraph 42 of the PSR, arguing that Petitioner is not responsible for the drug quantities indicated, (*Id.* at 13-14); 4) paragraph 45 of the PSR, arguing that Petitioner was not an organizer or leader of criminal activity that involved five or more participants (*Id.* at 14-17); 5) paragraphs 46 and 66 of the PSR (relating to Petitioner's career offender status), arguing that Count Fourteen of the Fourth Superseding Indictment is an inchoate offense – namely aiding and abetting – so it may not be considered a "controlled substance offense," for purposes of categorizing Petitioner as a career offender, (*Id.* at 17-20); 6) paragraphs 48 and 66 insofar as Petitioner's prior state convictions outlined in paragraphs 58 and 59 do not qualify as predicate "controlled

- 3 -

substance offenses," such that Petitioner should be considered a career offender, (*Id.* at 20-23); 7) paragraph 90 of the PSR, arguing that Petitioner participated in drug and alcohol treatment, (*Id.* at 23-24); and paragraph 119, as it overrepresents the seriousness of Petitioner's criminal history, (*Id.* at 24-27). Attorney Cesare bolstered Petitioner's presentencing claims at a hearing before the Court on September 23, 2022. (Doc. 406). Additionally, Attorney Cesare filed numerous addendums to Petitioner's sentencing memorandum, one of which notes Petitioner's "lengthy list of programming opportunities" Petitioner has taken advantage of since incarceration, and over 500 pages of material in support of Petitioner's claims. (Doc. 394 and 405 at 4).

On August 22, 2023, at Petitioner's sentencing hearing, the Court noted that Petitioner provided the Court with letters purportedly from two correctional officers, who denied ever writing the letters. (Doc. 414 at 11-13). The Court found that, based upon the format and verbiage used, the letters were forgeries and therefore an obstruction of justice. (*Id.*) Attorney Cesare then indicated that Petitioner wished to call a handwriting expert, which was denied. (*Id.*) Attorney Cesare stated that she contacted the correctional officers, and upon speaking with them, learned that they would not advocate for Petitioner. (*Id.* at 15). At sentencing, Attorney Cesare also noted that

- 4 -

Petitioner has successfully completed over 100 programs since incarceration, received treatment, and became employed while incarcerated. (Doc. 414 at 18-19, 21).

Petitioner faced a final sentencing guideline range of 324 to 405 months of incarceration. (Doc. 414, p. 65). The Government requested a sentence within that range. (*Id.*). The Court nevertheless varied downward and ultimately sentenced Petitioner to a period of 300 months of imprisonment. (Doc. 410). Due to an appellate waiver contained in the plea agreement, the United States Court of Appeals for the Third Circuit dismissed Petitioner's appeal. (Doc. 364; Doc. 415).

On June 4, 2025, Petitioner filed the instant motion pursuant to 28 U.S.C. §2255, (Doc. 430), raising seventeen grounds challenging his sentence, sixteen of which claim ineffective assistance of counsel, and one of which alleges that his conviction violates *Erlinger v. United States*, 602 U.S. 821 (2024). (Doc. 430). Petitioner's motion was supplemented by a counseled brief in support, filed on July 17, 2025. (Doc. 431).

The Government filed its opposition brief on October 17, 2025. (Doc. 434). Petitioner filed a counseled reply to the Government's response on November 17, 2025. (Doc. 438). Petitioner then filed a *pro se* supplemental

memorandum on March 27, 2026. (Doc. 444). The motion is now ripe for review.

## II. **LEGAL STANDARD**

### **A. Motion to Vacate**

Under 28 U.S.C. §2255, a prisoner in federal custody "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on "the ground that the sentence was imposed in violation of the laws of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." §2255(a).

Generally, "[i]n order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *United States v. Bates*, 2008 WL 80048, at *2 (M.D. Pa. Jan. 7, 2008) (quoting *Mallet v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." *United States v. Ayers*, 938 F. Supp. 2d 108, 112 (D.D.C. 2013) (citation omitted). "Section

- 6 -

2255 does not afford a remedy for all errors that may have been made at trial or during sentencing", "[r]ather, Section 2255 is implicated only when the alleged error raises 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Kinchen v. United States*, 2023 WL 4471509, at *2 (M.D. Pa. July 11, 2023) (quoting *Williams v. United States*, 2016 WL 6892375, *2 (M.D. Pa. Nov. 22, 2016)).

When a petitioner brings a motion pursuant to §2255, the Court has discretion whether to conduct a hearing but is not required to hold an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United States v. Booth*, 432 F.3d 542, 545-546 (3d Cir. 2005). However, "[a] hearing is necessary only where the record does not resolve factual allegations, such as in a situation where allegations relate primarily to purported occurrences outside the courtroom upon which the record can shed no real light." *United States v. Jackson*, 2006 WL 3333833 *7 (E.D. Pa. 2006) (Concluding that a hearing was not required because the petitioner pointed to no evidence outside the record that had a bearing upon his claim.). Moreover, "a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous." *Solis v. United States*, 252 F.3d 289 (3d Cir. 2001) (emphasis added).

- 7 -

## B. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees the accused in all criminal prosecutions "the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to the assistance of counsel is "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A defendant may be deprived of this right where his counsel fails "to render adequate legal assistance." *Id.*

The U.S. Supreme Court in *Strickland* established a two-prong test to evaluate the effectiveness of the assistance of counsel. In the first prong, the defendant must show "that counsel's performance was deficient," and must prove this by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. In addition, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88.

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action "might be considered sound trial strategy." *Id.* at 689.

In the second prong, a defendant must show that counsel's deficient performance "prejudiced the defense," because "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, *cf. United States v. Valenzuela-Bernal*, 458 U.S. 858, 866-67 (1982), and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694. Thus, to state a successful claim for ineffective assistance of counsel, petitioner must show "both that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). "A failure to make the required

showing on either prong defeats a defendant's ineffective assistance of counsel claim." *U.S. v. Ayers*, 938 F.Supp.2d 108, 113 (D.D.C. 2013) (citing *Strickland*, 466 U.S. at 700).

### C. Applicability of 18 U.S.C. §924

18 U.S.C §924(e)(1) states that a person who "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years. . . ." *Id.* *Erlinger v. United States* contemplated whether a judge may decide that a defendant's past offenses were committed on separate occasions under a preponderance-of-the-evidence standard. *See* 602 U.S. 821, 825. The United States Supreme Court held that a defendant is entitled to have a jury determine whether the defendant's prior criminal acts were committed on different occasions. *See id.* at 835. The Court expressly limited its inquiry to §924(e)(1)'s applicability, and "decid[ed] no more than that." *Id.*

Here, Petitioner did not receive an enhanced sentence pursuant to §924(e)(1). Rather, Petitioner was sentenced as a career offender under USSG §4B1.1. (Doc. 382 at 15). Therefore, §924, and thus, *Erlinger*, is inapplicable to Petitioner. Consequently, we limit our discussion to

Petitioner's remaining sixteen claims regarding ineffective assistance of counsel.

### III. DISCUSSION

### A. Grounds for Relief

Petitioner sets forth sixteen somewhat overlapping grounds for relief in his §2255 motion. (Doc. 430). Under ground one, he asserts ineffective assistance of counsel for Attorney Cesare's failure "to argue that [Petitioner] should not have received the leadership enhancement." (*Id.* at 5). Under grounds two and eight, Petitioner argues that Attorney Cesare failed "to challenge the drug amounts that were present in the [PSR]." (*Id.* at 6, 11). Grounds three and four allege that Attorney Cesare failed to argue that Petitioner should not have received an enhancement for obstruction. (*Id.* at 7-9). Ground five argues that Attorney Cesare should have challenged a positive urine screen. (*Id.* at 10). Grounds six, seven, and ten allege that Attorney Cesare should have argued that Petitioner's prior criminal convictions were not career offender predicates because one of the convictions was an inchoate offense. (*Id.* at 10-11). Ground nine alleges that Attorney Cesare failed to request a departure based on Petitioner's post-indictment rehabilitative efforts. (*Id.* at 12). Grounds eleven, twelve, and fourteen allege that Attorney Cesare failed to sufficiently discuss the plea

- 11 -

agreement. (*Id.* at 13-14). Ground thirteen alleges that Attorney Cesare should have interviewed halfway house staff to determine whether, in fact, Petitioner was selling drugs while staying in the halfway house. (*Id.* at 14). Ground fifteen alleges that Attorney Cesare should have demanded that the full language of Count Fourteen of the Fourth Superseding Indictment was included in the plea agreement. (*Id.* at 15). Finally, ground sixteen alleges that Attorney Cesare failed to seek a departure for overrepresentation of Petitioner's criminal history. (*Id.* at 15).

Petitioner attacks both his sentence and his guilty plea. Because the need for finality applies with "'special force with respect to convictions based on guilty pleas,'" collateral review of such convictions is available only in "strictly limited" circumstances. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)). Furthermore, "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).

Grounds eleven, twelve, fourteen, and fifteen of Petitioner's motion allege that Attorney Cesare failed to sufficiently discuss the plea agreement with Petitioner, and that Petitioner's plea agreement was a "miscarriage of

justice." (Doc. 430 at 13-15). However, when Petitioner entered his guilty plea, he stated under oath that he was satisfied with Attorney Cesare's representation of him and had enough time to discuss his case with her. (Doc. 375 at 3). Additionally, Petitioner stated that the plea agreement had been fully explained to him by Attorney Cesare, and that Petitioner had sufficient time to go over each of the paragraphs with Attorney Cesare. (*Id.* at 8). Petitioner stated that he had no questions regarding the plea agreement, and that the plea agreement was acceptable to him. (*Id.* at 9). Additionally, Petitioner stated that Attorney Cesare discussed the sentencing statute and the guidelines with Petitioner prior to his plea agreement. (*Id.* at 12). Therefore, Petitioner's arguments in grounds eleven, twelve, fourteen, and fifteen are without merit.

Finding that Petitioner's guilty plea was voluntary and intelligent, this Court considers whether an error of law or fact constituting a "fundamental defect" was made at sentencing. *U.S. v. Eakman*, 378 F.3d 294, 298 (3rd Cir. 2004) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Generally, non-constitutional violations cannot be raised in a Section 2255 motion. *Sunal v. Large*, 332 U.S. 174, 179 (1947). As the Government correctly notes, the misapplication of the Sentencing Guidelines is not usually subject to Section 2255 review. *Knight v. United States*, 37 F.3d 769,

- 13 -

772-74 (1st Cir. 1994). "Several circuit courts have considered the availability of collateral attack for various errors in the application of the sentencing guidelines and have concluded that such errors are not cognizable under §2255." *Id.* at 773 (citing, *e.g., United States v. Faubion*, 19 F.3d 226, 232-33 (5th Cir. 1994) (erroneous upward departure under sentencing guidelines not a "miscarriage of justice"); *Scott v. United States*, 997 F.2d 340, 341-42 (7th Cir. 1993) (erroneous criminal history score under sentencing guidelines not subject to collateral attack); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (error in technical application of sentencing guidelines not subject to collateral attack)). The Court nevertheless reviewed Petitioner's arguments and finds that they lack merit and are clearly undermined by the record evidence in the case.

Many of Petitioner's claims are vague and conclusory without any factual or legal support. "[V]ague and conclusory allegations contained in a §2255 petition may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). The Court agrees with the Government that these bare allegations neither support a finding that counsel's performance was deficient nor that any deficient performance by counsel resulted (or would have resulted) in prejudice to Petitioner. Nor do these claims amount to a due process

- 14 -

violation. Of particular importance, however, is that many of Petitioner's allegations are plainly disputed by the evidence of record. Petitioner's grounds one through four, six through ten, and sixteen all contend that Attorney Cesare did not object when Attorney Cesare did in fact object.

Grounds one, three, and four allege that Attorney Cesare should have argued that Petitioner should not have received leadership or obstruction enhancements. (Doc. 430 at 4, 6-8). However, Attorney Cesare's sentencing memorandum clearly argued that such enhancements were inapplicable to Petitioner's case. (Doc. 393 at 9, 14-17). Attorney Cesare further argued on this issue at the September 23, 2022 hearing. (Doc. 406). To the extent that Petitioner argues that Attorney Cesare should have called Carolina Ferrante and Kathleen Healey as witnesses to support the enhancement arguments, Petitioner failed to provide an offer of proof as to the testimony of these witnesses. Moreover, Petitioner failed to explain how Attorney Cesare's decision to not call these witnesses "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687.

In grounds two and eight, Petitioner argues that Attorney Cesare should have challenged the amount of drugs for which Petitioner was responsible. (Doc. 430 at 5, 11). However, Attorney Cesare clearly

- 15 -

challenged the drug amounts in her sentencing memorandum. (Doc. 393 at 13-14).

In grounds nine and sixteen, Petitioner alleges that Attorney Cesare failed to argue that Petitioner should have received a departure based upon Petitioner's rehabilitative efforts, and the PSR's overrepresentation of Petitioner's criminal history. Again, Attorney Cesare raised these arguments before the Court. (Doc. 392 at 17-23, *see also* Doc. 394 and 405 at 4).

In grounds six, seven, and ten, Petitioner summarily alleges that his counsel was ineffective for failing to object to Petitioner's "career offender" designation. (Doc. 430 at 10-13). However, Attorney Cesare's sentencing memorandum clearly argues that Petitioner should not have been categorized as a career offender for various reasons. (Doc. 393 at 17-23). Additionally problematic to Petitioner's claims in grounds six, seven, and ten is that he does qualify as a career offender. Petitioner pleaded guilty in the instant case to Count Fourteen of the Fourth Superseding Indictment, in violation of 21 U.S.C. §841(a)(1), when he had at least two state felony convictions involving controlled substances. (Doc. 382 at 15; *see also* Doc. 414 at 57-58). The Third Circuit has held that a "controlled substance for federal sentencing guidelines purposes is any "drug regulated by either state or federal law." *United States v. Lewis*, 58 F.4th 764, 769-771 (3d Cir. 2023).

- 16 -

Petitioner's felony drug-related convictions, outlined in paragraphs 58 and 59 of the PSR, involved the possession and delivery of cocaine. (Doc. 382 at 18-19). For Attorney Cesare to object to Petitioner's status as a career offender was a fruitless exercise, nonetheless, as a clear abundance of discretion, Attorney Cesare raised such objections.

Because Petitioner's claims with respect to grounds one, two, three, six, seven, eight, nine, ten, and sixteen are "contradicted conclusively by the record," the Court finds that Petitioner's "allegations [are] patently frivolous." *Solis v. United States*, 252 F.3d 289 (3d Cir. 2001) (emphasis added). Turning to Petitioner's other grounds for relief, five and thirteen—that his counsel was ineffective for "failing to challenge the legitimacy" of a positive urine screen, and "failing to interview halfway house staff" —those arguments also lack merit. With respect to ground five, Petitioner argues that Attorney Cesare should have challenged the result of his failed drug tests. (Doc. 430 at 10). However, Attorney Cesare attempted to subpoena the results of these drug tests. (Doc. 378). Nonetheless, the Court found that Petitioner's sentencing was not the appropriate venue to challenge the drug tests or attack their appeal process. (Doc. 379). Attorney Cesare was not ineffective for failing to raise an argument that this Court rejected.

- 17 -

In ground thirteen, Petitioner argues that Attorney Cesare should have interviewed the halfway house staff to dispute any allegation that Petitioner was selling drugs from the halfway house. (Doc. 430 at 14). However, Petitioner failed to identify the witnesses or provide an offer of proof as to their testimony. Where a petitioner points to no evidence outside of the record bearing upon his claim, as here, the Court is inclined to deny his request for a hearing. *See Jackson*, 2006 WL 3333833 at *7.

Even if Petitioner alleged plausible claims of Attorney Cesare's ineffectiveness, Petitioner failed to sufficiently establish how he was prejudiced by such alleged ineffectiveness pursuant to *Strickland*. *See* 466 U.S. at 686. Accordingly, the petition presents no grounds to vacate, set aside, or correct Petitioner's sentence and it is therefore dismissed.

### B. Evidentiary Hearing

Under §2255, "the question of whether to order a hearing is committed to the sound discretion of the district court." *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989). In exercising that discretion, "the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.; see also United States v. Day*, 969 F.2d 39, 41–42 (3d Cir. 1992). The Court will not allow for an evidentiary hearing because the record

- 18 -

conclusively establishes that Petitioner is not entitled to the relief sought in his §2255 Motion.

## G. Certificate of Appealability

To receive a certificate of appealability under §2253(c) a Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims at issue debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has made no such showing, and certificate of appealability will not be issued in his case.

## IV. CONCLUSION

Based on the foregoing, Petitioner's motion to vacate, set aside, or correct a sentence (Doc. 430) will be **DENIED** and a certificate of appealability will not be issued. An appropriate order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 4/7/26
16-312-04

- 19 -